Commonwealth *v.* McFarland, Appellant.
Commonwealth *v.* Talley, Appellant.

Argued January 11, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused August 27, 1973.

436

*Nelson M. Galloway,* for appellants.

*Marion E. MacIntyre,* Deputy District Attorney, with him *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, May 23, 1973:

On April 6, 1969, the apartment of Antonio Sansone of Harrisburg was burglarized. Property stolen from the Sansone apartment was valued at approximately $263,000 and included two safes, cash, jewelry and securities. On March 12, 1970, eleven months and six days after the burglary, police recovered three negotiable treasury bonds from the possession of appellants, Clifford McFarland and Roger Talley.

On September 17, 1970, after the joint trial of appellants, a Dauphin County jury returned verdicts of guilty as to each appellant, on charges of burglary, larceny

and receiving stolen goods. On convictions of burglary appellants were each given ten to twenty years sentences to run concurrently with sentences of two and one-half to five years for receiving stolen goods. No sentence was imposed for either larceny conviction.

McFarland appealed to the Superior Court and the judgment of sentence was affirmed by a four-to-three decision. 222 Pa. Superior Ct. 90, 291 A. 2d 903 (1972). We granted allocatur. Talley appealed nunc pro tunc to the Superior Court. Because of the identity of issues, we ordered the consolidation of these appeals prior to the Superior Court's disposition of the Talley appeal.

Appellants first allege procedural improprieties prior to trial and specifically question the lack of opportunity to challenge the grand jury array. The appellants were represented by counsel at every prosecutorial stage of this case, but did not raise these issues at trial or in post-trial motions. We will not pass upon the substantive merit of these questions because issues not raised in the court below are waived and cannot be raised for the first time on appeal to this Court. *Commonwealth v. Agie,* 449 Pa. 187, 189, 296 A. 2d 741 (1972) ; *Commonwealth v. Henderson,* 441 Pa. 255, 260, 272 A. 2d 182, 185 (1971) ; *Commonwealth v. James,* 440 Pa. 205, 209, 269 A. 2d 898, 900 (1970) ; *Commonwealth v. Nash,* 436 Pa. 519, 521, 261 A. 2d 314, 315 (1970).

The remaining issues raised by the appellants challenge the sufficiency of the evidence supporting the convictions of burglary and larceny[1] and the propriety

---

[1] On the strength of *Commonwealth v. Owens,* 441 Pa. 318, 271 A. 2d 230 (1970), the appellants argue that the trial court erroneously charged that possession of recently stolen goods could give rise to an inference that the possessor was the thief *or was guilty of receiving stolen property.* We agree that the instruction was improper and cannot, in itself, sustain the burglary conviction under these factual circumstances. But, *as appellants concede,* the Com-

of the sentences imposed. Because we reverse the burgdary and larceny convictions of each appellant, we need not consider the merit of issues which are obviated by our decision.[2]

Error is alleged in the refusal of the trial court to sustain the appellant's demurrers to evidence with respect to the charges of burglary and larceny[3] and the court's charge to the jury that a finding of possession of "recently stolen" property could permit an inference that the appellants were also the thieves.[4]

monwealth proffered considerable evidence that the appellants knew the bonds were stolen property and, therefore, the holding in *Owens* is inapplicable to the conviction for receiving stolen goods since that conviction does not depend here upon the bare inference of guilt arising from mere possession of the stolen property.

[2] Appellants challenge the admission into evidence of three of the Commonwealth's exhibits. Since these exhibits are important only in that they document the circumstances of this burglary, without implicating the appellants, the question of admissibility is inconsequential in view of our decision.

It is argued, on the theory of merger, that the trial court erred in sentencing the appellants on convictions of burglary and receiving stolen goods. Because we reverse the burglary conviction, there is no need to consider this contention of error.

Appellants' challenge to their sentences on the constitutional ground of cruel and unusual punishment is patently meritless.

[3] As to Talley, the demurrer extended to burglary, larceny and receiving stolen goods. The facts adduced to justify McFarland's conviction for receiving stolen goods do not implicate Talley to any materially lesser degree and there is no reason to believe the court below improperly refused to sustain Talley's demurrer to the charge of receiving stolen goods.

[4] The pertinent part of the charge of the trial court was given as follows:

"Members of the jury, there is another important element in this case and that involves the law regarding the possession of *recently stolen property*. In this case the property was stolen on Easter morning, Sunday, April 6, 1969. The defendants were not arrested, as I recall the testimony, until about eleven months and two weeks thereafter. Under the law the possession *of recently stolen property* raises an inference that the possessor was the thief,

Evidentiary inferences, like criminal presumptions, are constitutionally infirm unless the inferred fact is "more likely than not to flow from the proved fact on which it is made to depend." *Turner v. United States,* 396 U.S. 398 (1970); *Leary v. United States,* 395 U.S. 6 (1969); *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A. 2d 727 (1972); *Commonwealth v. Swiatkowski,* 446 Pa. 126, 285 A. 2d 490 (1971); *Commonwealth v. Owens,* 441 Pa. 318, 271 A. 2d 230 (1971). Where the inference allowed is tenuously connected to the facts proved by the Commonwealth, due process is lacking.

In *Commonwealth v. Shaffer,* this Court delineated the applicable criteria for determining whether an evidentiary inference satisfies the "more-likely-than-not" test. The inquiry necessitates that we look to the following: "the lapse of time between the crime and the discovery of the property; the type and kind of property; the amount and volume of the property; and the ease in which it may be assimilated into trade channels." 447 Pa. at 109, 288 A. 2d at 737. In *Shaffer,* the appellant was apprehended twenty-four hours after the two burglaries which were attributed to him and was found possessed of twenty-five pieces of jewelry bearing the initials and names of other individuals. Under those factual circumstances we allowed that the inference of complicity in the burglary could "more likely than not" flow from the proved fact of possession of recently stolen, non-negotiable property.

In the present case the Commonwealth established that the burglary had been committed at the home of Antonio Sansone, that property valued at $263,000 was

but it does not raise a legal presumption of guilt and no burden shifts to the defendant to account for his possession at his peril.
. . . .
"You may, if you conclude that the defendant was in possession of *recently stolen* property, consider this fact as some evidence of guilt or you may not so consider it." (Emphasis added.)

taken and that the appellants were apprehended eleven months and six days after the burglary, possessed of some, but not all, of the stolen securities. These treasury bonds were negotiable by delivery alone, but the Commonwealth adduced testimony that bonds of this size are not easily negotiated. The Commonwealth relied heavily upon the clandestine nature of the appellants' meetings with undercover state police agent Albert Pistone, the Commonwealth's principal witness. Agent Pistone testified that he met the appellants covertly and negotiated a purchase price of $60,000, one-half the face value of these bonds. Agent Pistone also testified to the following utterance by McFarland in the presence of Talley: "What the hell, we'll grab it [the $60,000 offer]. We've been all over the damn country spending money trying to get rid of them [the bonds]."

The Commonwealth's case does support the inference that the appellants knew the bonds were stolen property, and thus supports the verdicts of guilty on charges of receiving stolen goods, but there is not sufficient evidence to sustain the inference that appellants participated in the burglary and larceny merely because the stolen items were found in their possession over eleven months later. There is nothing in this record suggesting how the bonds came into the appellants' possession. Since the possibilities of acquisition which do not involve complicity in the Sansone burglary are numerous, we do not believe that the circumstances of appellants' possession meet the "more-likely-than-not" test established by *Shaffer*. Because the evidentiary inference of burglary and larceny cannot arise from mere possession in this factual setting, the Commonwealth has not sustained its burden of proof on the burglary and larceny indictments.

Finally, the sentences imposed upon the convictions for receiving stolen goods are defective in part because

they include the provision that appellants make "restitution of property feloniously received". Since the three bonds found in appellants' possession were returned to the Sansones, we can only assume that the restitution provision was intended by the court to attach to the burglary sentence so that the Sansones would be compensated for property stolen but not recovered. In any event, the restitution provision is inoperative. If it is considered a part of the sentence imposed upon the burglary conviction, it must fall away with the reversal of that conviction. If restitution is part of the sentence for receiving stolen goods, as the court below seems to have intended, the provision is meaningless because the securities found in the possession of the appellants have already been restored to the Sansones. We cannot countenance a sentence provision requiring compensation for property which the Commonwealth has not proven was either stolen or received by the appellants.

As to both appellants, the sentences for burglary and larceny are reversed. The sentences for receiving stolen goods are affirmed, but modified to exclude the restitution provision.

Mr. Justice POMEROY concurs in the result.