Commonwealth *v.* Burke, Appellant.

Argued March 28, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Harry L. Green,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, with him *William T. Nicholas,* First Assistant District

Attorney, and *Milton O. Moss*, District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 21, 1974:

Appellant was found guilty by a jury of receiving stolen goods. On appeal he challenges the sufficiency of the Commonwealth's evidence, asserting that under the facts of this case unexplained possession of recently stolen goods, in and of itself, is insufficient to support a conviction. We agree.

A view of the evidence in the light most favorable to the Commonwealth shows that on October 10, 1971, Robert Coleman discovered two television sets had been stolen from his home. One of these sets, according to Mr. Coleman, was black and white, partially broken, and had a value of less than $15. On October 22, 1971, pursuant to a valid search warrant, police entered appellant's motel room. In the room they discovered and seized the black and white television set which Coleman had reported stolen. The set was in plain view in the room.

At the preliminary hearing appellant testified that he had purchased the set from two boys who had brought it to his room, and during the trial this testimony was communicated to the jury by Coleman. Based upon the evidence of possession and the court's charge that unexplained possession of recently stolen property "can give rise to an inference, in the minds and judgments of the jury, that he, the defendant, knew or had reason to know that it was stolen," the jury found appellant guilty.

The crime of receiving stolen goods requires proof beyond a reasonable doubt that the receiver knew the goods were stolen. The element of a defendant's guilty knowledge may be established by direct evidence of knowledge or by circumstantial evidence from which it can be inferred that defendant had reasonable cause

to know that the property was stolen. In this case, knowledge was established solely from the inference drawn from the unexplained possession of the television set. Our decision turns on an examination of that inference.

"Evidentiary inferences, like criminal presumptions, are constitutionally infirm unless the inferred fact is 'more likely than not to flow from the proved fact on which it is made to depend.' Turner v. United States, 396 U.S. 398 (1970); Leary v. United States, 395 U.S. 6 (1969); Commonwealth v. Shaffer, 447 Pa. 91, 288 A.2d 727 (1972); Commonwealth v. Swiatkowski, 446 Pa. 126, 285 A.2d 490 (1971); Commonwealth v. Owens, 441 Pa. 318, 271 A.2d 230 (1970). Where the inference allowed is tenuously connected to the facts proved by the Commonwealth, due process is lacking." *Commonwealth v. McFarland*, 452 Pa. 435, 439, 308 A.2d 592, 594 (1973). "If the inference the jury is allowed to draw from the facts proven by the Commonwealth is arbitrary, because of lack of connection between the two, due process is fatally lacking." *Commonwealth v. Shaffer*, 447 Pa. 91, 109, 288 A.2d 727, 737 (1972).

In applying the "more likely than not" test,[1] we disagree with the lower court. Possession involved only one used television set in bad condition with an owner-estimated value of approximately $15. It was not concealed in appellant's room, but was plainly visible. An old television set in this condition might just as likely have been discarded, or given to a young member of the family, as stolen. Possession in this case cannot support an inference of knowledge. *See Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973).

---

[1] Because the evidence is insufficient to satisfy the "more likely than not" test it is, of course, insufficient to satisfy a "reasonable doubt" standard suggested by *Commonwealth v. Turner*, 456 Pa. 116, 317 A.2d 298 (1974).

The motion in arrest of judgment is granted and judgment of sentence vacated.

---

DISSENTING OPINION BY VAN DER VOORT, J.:

I respectfully dissent from the opinion of the majority of the Court in this case for the same reasons as expressed by me in our case of *Commonwealth v. Sheppard*, 229 Pa. Superior Ct. 42, 324 A.2d 522 (1974), and I would affirm the action of the trial court.

PRICE, J., joins in this dissenting opinion.