Commonwealth *v.* Sheppard, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Leonard Sosnov* and *John W. Packel*, Assistant Defenders, and *Vincent J. Ziccardi*, Defender, for appellant.

*Albert L. Becker* and *David Richman,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 21, 1974:

This appeal from a judgment of sentence, entered after a nonjury trial on charges of burglary, larceny, and receiving stolen goods, challenges the conclusions drawn by the trier of fact from the appellant's possession of a recently stolen automobile.

On the evening of September 5, 1972, two Philadelphia police officers spotted a 1968 Mercury Cougar parked the wrong way on a one-way street. The interior light of the vehicle was on and two men were seated inside. As the officers approached the vehicle from the rear, the two occupants jumped out of the car and ran off; but both were apprehended at gunpoint. Neither the appellant nor the other individual could produce any evidence of ownership of the vehicle or explain their activities. Reacting to these circumstances, the officers took the pair into custody pending further investigation.

The next morning it was learned that the vehicle had been stolen along with other items,[1] including another car, from the John B. White Ford dealership in Philadelphia. The company's service director identified the Cougar automobile by serial number at the police station. The other automobile was later found and also returned, but the other items were never recovered.

After presenting the above evidence at appellant's trial, the Commonwealth rested its case. The defense offered no evidence and demurred to the burglary

---

[1] The other items taken from the premises included a battery charger, 3 high-speed buffers, 2 industrial vacuum cleaners, a chest of tools, and a case of Freon.

charge. In response to the demurrer, the court stated: "He is in possession of recently stolen goods. Of course, the defense didn't overcome that presumption." Defense counsel: "I understand." The Court: "So, therefore, we are adjudging him guilty."[2] [N/T 18-19]

The once well-established law of Pennsylvania, that the possession of recently stolen property raises a presumption of knowledge that the property had been stolen and a presumption that the possessor is the thief, is no longer the law of this Commonwealth. *See Commonwealth v. Owens,* 441 Pa. 318, 271 A.2d 230 (1970). As the *Owens* case and its progeny make clear, a court is permitted, at most, to employ an *inference* to enable the trier of fact to proceed from one fact to another. The inference of guilty knowledge or of guilt of theft "is simply a result that the triers of fact are *permitted* to reach based on the evidence." *Commonwealth v. Shaffer,* 447 Pa. 91, 107, 288 A.2d 727, 736 (1972) (emphasis by court). Such an inference "must satisfy due process standards in light of present day experience," *Barnes v. United States,* 412 U.S. 837, 844-845 (1973), and is clearly distinguishable from a presumption. Whereas "[a] rebuttable presumption forces the defendant to come forth or suffer inevitable defeat on the issue in controversy, [a]n inference . . . does not put the defendant in such a position. It does not shift the burden of going forward with the evidence . . . . [It] does not shift the burden of persuasion or relieve the Commonwealth of the burden of proving every essential element of the alleged offense beyond a reasonable doubt." *Commonwealth v. Shaffer,* supra at 106, 288 A.2d at 735-36; *see Commonwealth v. Turner,* 456 Pa. 116, 317 A.2d 298 (1974); *Commonwealth v. McFarland,* 452 Pa. 435, 308 A.2d 592 (1973).

---

[2] No objection was made at trial to these statements by the court.

While the judge's use of the word "presumption" may have been inadvertent, we cannot so assume and we must go by the record. In placing the burden upon the defendant to rebut a presumption of guilt, the court committed an error of basic and fundamental dimensions and a new trial must be granted. *See Commonwealth v. Williams,* 432 Pa. 557, 248 A.2d 301 (1968).

Judgment reversed and a new trial granted.

_____

DISSENTING OPINION BY VAN DER VOORT, J.:

I respectfully dissent from the Opinion of the majority of the Court in this case for the reason that I believe the Appellant-Defendant was clearly guilty of taking part in either stealing the automobile or of receiving it as a stolen car and that the judgment of sentence should not be nullified.

Throughout all of my lifetime I have observed that getting caught with freshly stolen goods is strong evidence of having stolen them or of having received them as stolen goods. I still believe this is a very sound principle of law and morality. The law in relation to the possession of stolen goods has become so weakened that it is becoming virtually impossible to prove that a person who is caught in possession of recently stolen goods is either the thief or the receiver. The public is losing confidence in our Courts because of the uncertainty of the law, and by expanding the uncertainty in this field we increase that loss of confidence. The uncertainty stems initially from the destruction of a well-established principle that once the Commonwealth has proved possession of recently stolen goods by an accused, the jury or Judge could presume from the unexplained possession of the recently stolen goods that the possessor was either the thief or the receiver. The destruction of this sound principle was bottomed on *Turner v. U. S.,* 396 U.S. 398 (1970), and *Leary v. U. S.,* 395

U.S. 6 (1969). Neither of these cases had anything to do with stolen goods, the Defendants in those cases being charged with violating the Federal Drug laws.

The uncertainty centers around whether or not there is any substantial difference between a "presumption" and an "inference" in this type of criminal proceeding. When the Commonwealth has proved beyond a reasonable doubt that the Defendant possessed freshly stolen goods and this possession is unexplained, can the fact finder (the jury or the judge) presume guilt of the Defendant or can the fact finder infer guilt of the Defendant? While we in the command post debate the supposed difference in this kind of a setting between a "presumption" and an "inference", those in the arena of contest (in the trial court) know that there is no substantial difference in the two words. Our law should be simple and clear that where proof of unexplained possession of recently stolen goods has been made by the Commonwealth, the fact finder can, but of course does not have to, conclude that the possessor is either guilty of stealing the goods or of receiving them knowing them to be stolen. We should not have to debate whether such proven facts create a "presumption" or an "inference" or "whether something is more likely than not to flow from the proven facts."

In the instant case, the Defendant was clearly guilty of either stealing or receiving the automobile knowing it was stolen. I believe we should support the trial court which found the Defendant guilty, and I would affirm the judgment of sentence.