Commonwealth *v.* Simmons, Appellant.

548

Submitted September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Charles A. Klein, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., March 31, 1975:

This case presents the issue of the permissible extent of the use of the fact of possession of recently stolen property to conclude that the possessor is guilty beyond a reasonable doubt of the crimes of larceny (theft by unlawful taking or disposition),[1] burglary,[2] and receiving stolen property.[3] Hopefully, the relatively simple factual situation will enable us to untangle a series of interrelated appellate decisions in this area.

On June 14, 1973, at 6:27 a.m., a police officer saw four men, one of whom was appellant, pushing a wagon with a refrigerator in it. The refrigerator was still in its factory carton. When the officer approached, appellant dropped to his knees and tried to crawl behind a car, but he was immediately apprehended; the other men ran off and escaped.

The owner of a warehouse located one block from the scene of this incident testified at the trial. He said that the refrigerator had been in the warehouse when he locked the door at 6:00 p.m. the previous evening, but that on arriving at his warehouse the following day, he found the padlock on the door broken and the re-

1. 18 Pa. C.S. §3921.
2. 18 Pa. C.S. §3502.
3. 18 Pa. C.S. §3925.

frigerator gone. (An air conditioner was also discovered to have been stolen, but it was not recovered until two weeks later, while appellant was in jail.)

Judge RIBNER, who tried the case without a jury, reached the following conclusion:

> Under the circumstances, the defendant being one of four males pushing this factory box in the very early morning hours, and all of these males fleeing at the sight of a uniformed law enforcement officer, the evidence was amply sufficient to sustain convictions on all the charges. Additionally, the Commonwealth proved the manner of forced entry into the warehouse, and when this fact was coupled with the defendant's arrest in the immediate vicinity of the forced entry with a large item such as a Norge refrigerator still in the factory box, the Court was entirely justified in drawing an inference from these facts that the defendant conspired with others in order to accomplish the theft of this refrigerator, and was therefore guilty of burglary.

Appellant was sentenced to one to three years imprisonment on the burglary count, and three sentences of six to twelve months each were imposed for, respectively, unlawful taking, receiving stolen property and conspiracy,[4] all three to run concurrently with the sentence for burglary. The sufficiency of the evidence to sustain each of these convictions is now attacked.

### Receiving Stolen Property

The offense of receiving stolen property is defined at 18 Pa. C.S. §3925(a) as follows:

> "A person is guilty of theft if he intentionally receives, retains, or disposes of moveable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the

---

4. 18 Pa. C.S. §903.

property is received, retained, or disposed with intent to restore it to the owner."

It is not contended that appellant did not "receive" the property. *See* 18 Pa. C.S. §3925(b). Appellant claims, rather, that there is insufficient evidence to prove that he knew it was stolen or believed it probably had been. His claim is that the only evidence against him is his flight, the hour, and possession of the recently stolen refrigerator, and that this is insufficient to justify a conclusion beyond a reasonable doubt that he had guilty knowledge.

It is settled law that in order to convict a person of a crime, the Commonwealth must prove every essential element of the crime beyond a reasonable doubt. This is a requirement of the due process clause of the United States Constitution. *In re Winship,* 397 U.S. 358 (1970); *Commonwealth v. Roscioli,* 454 Pa. 59, 309 A.2d 396 (1973); *Commonwealth v. Stoffan,* 228 Pa. Superior Ct. 127, 323 A.2d 318 (1974). It is possible to meet this burden of proof by circumstantial evidence alone. *Commonwealth v. Roscioli, supra; Commonwealth v. Thomas,* 429 Pa. 227, 239 A.2d 354 (1968); *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A.2d 820, *cert. denied* 348 U.S. 875 (1954). Knowledge that the property was stolen or a belief that it probably was ("guilty knowledge") is an essential element of the crime of receiving stolen property. 18 Pa. C.S. §3925(a), *supra.* Therefore, a conviction of receiving stolen property based on less than proof beyond a reasonable doubt of guilty knowledge lacks due process of law and must be reversed. *Commonwealth v. Burke,* 229 Pa. Superior Ct. 176, 324 A.2d 525 (1974).

The fact that appellant was in possession of a refrigerator stolen sometime within the previous twelve hours is one piece of circumstantial evidence that could support the conclusion that he knew the refrigerator was stolen. It is however, only one piece of evidence,

and it has been held that this one piece is not sufficient standing alone to justify finding guilty knowledge beyond a reasonable doubt. *Commonwealth v. Henderson,* 451 Pa. 452, 304 A.2d 154 (1973); *Commonwealth v. Owens,* 441 Pa. 318, 271 A.2d 230 (1970);[5] *Commonwealth v. Burke, supra; Commonwealth v. Sheppard,* 229 Pa. Superior Ct. 42, 324 A.2d 522 (1974); *Commonwealth v. Allen,* 227 Pa. Superior Ct. 157, 324 A.2d 437 (1974).

"The significance of *Owens and Shaffer*[6] is that possession of stolen property in and of itself is not sufficient evidence from which a factfinder may conclude guilt beyond a reasonable doubt. Possession alone of the stolen property without a weighing of the other circumstances requires guessing or speculation as to the defendant's knowledge that the property was stolen." *Commonwealth v. Henderson, supra* at 456, 304 A.2d at 157.

An examination of the appellate reversals in this area indicates that the cases fall into two categories: (1) those in which there was so little evidence other than evi-

---

5. Neither *Henderson* nor *Owens* had an opinion joined by a majority of the court. Justice ROBERTS wrote the lead opinion in *Owens* and was joined by Justice (later Chief Justice) JONES and Justice O'BRIEN: Justice EAGEN concurred in the result. Justice MANDERINO wrote the lead opinion in *Henderson,* and was joined by Justices ROBERTS and NIX; Justices EAGEN, O'BRIEN and POMEROY concurred in the result. Thus we conclude that to the extent the lead opinions in these cases stand for common propositions, they can be read together as representing the views of a majority of the present members of the Supreme Court (i.e., Chief Justice JONES and Justices ROBERTS, O'BRIEN, NIX and MANDERINO.)

6. *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727, *cert. denied,* 409 U. S. 867 (1972). *Shaffer* deals not only with the permissible use of the inference to find guilty knowledge, but also with its use to determine that the possessor was indeed the thief. Although these two cases are different, one going to what the possessor knew, the other to what he did, if there is a legal distinction to be drawn between these two uses of the same piece of evidence, it is yet to be delineated. (Footnote not in original).

dence of possession that the finding of guilty knowledge must have been the product of reliance on an inference (or presumption) from possession alone; and (2) those in which there may or may not have been evidence in addition to evidence of possession, but the factfinder either was instructed or stated that the finding of guilty knowledge could be reached by the application of an inference (or presumption) from possession alone.

*Commonwealth v. Owens, supra,* and *Commonwealth v. Henderson, supra,* belong in the first category. Both involved a finding of guilty of receiving stolen property by a judge sitting without a jury, so there is no jury instruction to indicate how much was inferred from the fact of possession alone. In *Owens,* the totality of the Commonwealth's evidence was that a gun had been stolen and the defendant was found in possession of it about three weeks later. Three justices[7] concluded that the trial judge's finding of guilty must have been based on the inference (referred to in the opinion as a "presumption") ". . . that a defendant's unexplained possession of recently stolen goods is sufficient proof of his guilt of the crime of receiving stolen goods." *Commonwealth v. Owens, supra* at 320, 271 A.2d at 231. "[T]he presumption of guilty knowledge *is the sole basis upon which appellant's conviction can rest. . . ." Id.* at 322, 271 A.2d at 232 (emphasis in original). After taking judicial notice of statistics indicating the ease with which handguns are transferred in this country, the plurality concluded that it was not even "more likely than not" that the defendant knew the gun he possessed had been stolen, and that a conviction based on evidence that was not at least more likely than not to indicate guilt lacked due process: "The 'more likely than not' test coupled with the examples provided by *Leary* [*v. United States,* 395 U.S. 6 (1969),] and *Turner* [*v. United States,* 396 U.S.

---

7. *See* footnote 5, *supra,* for an analysis of the voting in *Owens* and *Henderson.*

398 (1970),] as to how that test should be applied in a given case leave us with little doubt that the knowledge presumption concerning receipt of stolen goods is constitutionally infirm, *at least as applied to the circumstances of this case,* and we so hold." *Id.* at 324, 271 A.2d at 233. (emphasis added). In *Henderson,* the Commonwealth proved: that a car was stolen; that a license plate was stolen; and that about two and a half to three weeks after the car was stolen, the defendant was driving the car and was stopped by a police officer who requested him to produce his driver's license, which he did, although he could not produce an owner's card. He was found guilty of receiving stolen goods by a judge sitting without a jury. Three justices concluded that the only difference between the case and *Owens* was the type of property involved (three more justices concurred in the result).[8] Again the court took judicial notice of the ways of the world: "The possession of an automobile which does not belong to the driver is not so strange, unusual, or unique that it points to guilty knowledge as more likely than innocent knowledge on the part of the driver." *Commonwealth v. Henderson, supra* at 457, 304 A.2d at 157. The holding was simply that the evidence was insufficient as a matter of law because it amounted to little more than the fact of possession: "[The Commonwealth] had the burden of establishing *sufficient circumstances,* other than the possession of stolen property by the appellant, to support the necessary element of appellant's guilty knowledge. This [it] failed to do." *Id.* at 458, 304 A.2d at 158 (emphasis in original).

In cases belonging in the second category it is clear from the record that the fact of possession was given inordinate evidentiary value. Thus in *Commonwealth v. Sheppard,* 229 Pa. Superior Ct. 42, 324 A.2d 522 (1974), the trial judge said he was finding the defendant guilty

---

8. *See* footnote 5, *supra.*

of burglary, larceny, and receiving stolen goods because "He is in possession of recently stolen goods. Of course, the defense didn't overcome that presumption." This court held that this overreliance on a "presumption" was basic and fundamental error because it not only indicated a disregard of the evidence of surrounding circumstances, but may have represented an unconstitutional shift in the burden of proof. Similarly, when the charge permits the jury to base a guilty verdict on an inference from unexplained possession of recently stolen property alone, the conviction must be reversed. *Commonwealth v. Burke*, 229 Pa. Superior Ct. 176, 324 A.2d 525 (1974). *See also Commonwealth v. Turner*, 456 Pa. 116, 317 A.2d 298 (1974) (larceny conviction reversed per NIX, J., joined by MANDERINO, J., with EAGEN, O'BRIEN and POMEROY, JJ., concurring in the result).

From this analysis of the cases it may be seen that none of them holds that it is unconstitutional to infer from possession of stolen goods that the possessor knew they were stolen. Rather, the principle to be distilled from the several plurality and other opinions is that a conviction either based upon that inference alone, or reached without due regard to evidence of surrounding circumstances, cannot stand, because it is based on less than proof beyond a reasonable doubt. Such a conviction must be reversed, because proof beyond a reasonable doubt is a requirement of due process. Thus, the inference that the possessor of recently stolen goods knew they were stolen is not an "unconstitutional" inference (it is a common misstatement of *Owens* to say that it so held);[9]

---

9. *Compare Leary v. United States*, 395 U.S. 6 (1969), *and Turner v. United States*, 396 U.S. 398 (1970), holding certain statutory presumptions to be unconstitutional, *with Owens* and *Henderson*, holding the use of an evidentiary inference to be unconstitutional. *And see Barnes v. United States*, 412 U.S. 837 (1973), holding constitutionally permissible a charge that unexplained possession plus "surrounding circumstances" was sufficient to convict the defendant of receiving checks stolen from the mails.

rather, it is an inference that, if misused, will in certain cases lead to an unconstitutional result.

The evidence of surrounding circumstances that one should consider in appraising the evidence of possession, will be different in every case, and no description of it can be more than suggestive. "Some of the significant circumstances can be the appellant's conduct; the appellant's relationship to the victim; the elapsed time between the appellant's possession and the theft; the situs of the theft and the situs of the possession; the kind of property; the quantity of the property; and the identifying characteristics of the property." *Commonwealth v. Henderson, supra* at 455, 304 A.2d at 156; *see also Commonwealth v. Shaffer, supra.* In short, evidence of any fact that might help determine whether the goods have moved into legitimate trade channels is relevant and should be considered: "These criteria reflect the tacit conclusion that, in most cases, stolen goods will eventually move from channels of commerce primarily criminal to channels of commerce primarily legitimate; and, that one who comes into possession of those goods through non-criminal channels is *unlikely* to know that the goods were stolen. How soon the goods will reach legitimate commerce is largely a function of time and marketability —the very variables that the four criteria set forth in *Shaffer* [and incorporated into those set forth in *Henderson*] are designed to determine." *Commonwealth v. Allen,* 227 Pa. Superior Ct. 157, 163, 324 A.2d 437, 441 (1974). *See, e.g., Commonwealth v. Holloway,* 229 Pa. Superior Ct. 128, 323 A.2d 216 (1974) (behavior of suspect at time of police stop).

In the present case there is nothing to indicate either that Judge RIBNER relied only on an inference from possession or that he failed to consider the evidence as a whole. To the contrary, the judge's explanation of his verdict, which has been quoted *ante* at 551, sets forth the facts in detail; and we agree with the judge that the

evidence as a whole was sufficient to support a conviction of receiving stolen property beyond a reasonable doubt. Briefly, to recapitulate: Appellant was one of four men pushing a refrigerator, still in its factory carton, at an hour of the morning when no stores are open. All four men attempted to escape when the police arrived. This all occurred about one block from where the refrigerator had been taken. Although it could have been taken any time within the last twelve hours, the fact that it had only been transported one block tends to indicate that it had indeed been taken quite recently. The possibility that appellant was the mere victim of circumstances, *e.g.*, that he had innocently volunteered to help the other men and had no reason to think a refrigerator being transported on a wagon at that time of the morning had been stolen, rather strains one's credulity.

## Unlawful Taking and Burglary

The principles stated in the preceding section about the probative value of evidence of possession of stolen property are applied with at least equal rigor when the evidence is used to prove that the defendant is the thief as when it is used to prove that he knew the property was stolen.[10]

Clearly, evidence of possession of stolen property may be relevant in deciding whether the possessor is the one who stole it. However, as in a case of receiving stolen property, it is only one piece of evidence, and evidence of possession alone is not sufficient to prove burglary or larceny beyond a reasonable doubt. Therefore, a conviction of either of these crimes based on an inference from possession alone cannot stand. *Commonwealth v. Turner*, 456 Pa. 116, 317 A.2d 298 (1974) (larceny conviction reversed) ; *Commonwealth v. McFarland*, 452 Pa. 435, 308 A.2d 592 (1973) (convictions of burglary and larceny

10. See footnote 6, *supra.*

reversed; conviction of receiving stolen goods affirmed). *See also Commonwealth v. Swiatkowski*, 446 Pa. 126, 285 A.2d 490 (1971); *Commonwealth v. Weaver*, 219 Pa. Superior Ct. 274, 280 A.2d 585 (1971). All of the evidence of surrounding circumstances must be considered in arriving at a finding that the possessor is the thief, and the conviction may be based on circumstantial evidence alone, provided the evidence meets the standard of proof beyond a reasonable doubt. *Commonwealth v. Shaffer, supra.*[11] *See* cases cited *ante* at 553. *But cf. Commonwealth v. Turner, supra* (dissenting opinion by ROBERTS, J.); *Commonwealth v. Shaffer, supra* (dissenting opinion by POMEROY, J.) Thus a conviction for larceny will be reversed despite the admitted presence of sufficient circumstantial evidence to convict where the trial judge has instructed the jury that it could infer guilt from possession of recently stolen goods alone. *Commonwealth v. Turner, supra.*

We have noted above that Judge RIBNER did not rely solely on the evidence of possession to justify his verdict of guilty of receiving stolen property. The same is so with respect to his verdicts of guilty of unlawful taking and burglary, and also conspiracy. True, appellant might have joined the other three men after the burglary and theft of the refrigerator had been accomplished, but the likelihood of this is remote at best, especially considering

---

11. It should be noted that nothing said in the lead opinion in *Shaffer* lowers the standard of proof from "beyond a reasonable doubt" to "more likely than not." In *Shaffer*, it was held that the use of the inference that one who is in possession of recently stolen goods is the "thief", when applied in the context of the other circumstantial evidence marshalled there, "supplie[d] the necessary nexus which due process demands." See *Commonwealth v. DiFrancesco*, 458 Pa. 188, 329 A.2d 204 (1974) (applying "reasonable doubt" standard in testing validity of statutory inference of intoxication); *and see Commonwealth v. White*, 233 Pa. Superior Ct. 195, 199 n.4, 334 A.2d 757, 759 n.4 (1975).

the early hour and appellant's proximity to the scene of the crime. The evidence may not be conclusive—appellant was not, for example, caught inside the building—but we are satisfied that the judge could find beyond a reasonable doubt that appellant had committed a burglary with the three other men and was in the process of fleeing the scene of the crime with the property still in his possession when he was caught.

## The Verdicts and the Sentences

The Act of March 31, 1860, P.L. 427, §24, 19 P.S. §411, permits the joinder of indictments for receiving stolen property and unlawful taking.[12] Because these crimes are by their definition inconsistent, however, a judgment of sentence can only be imposed for one or the other, even where, as here, the evidence would be sufficient to prove either crime independently.[13] *Commonwealth v. Wolfe,* 220 Pa. Superior Ct. 415, 420-21, 289 A.2d 153, 155-56 (1972); *Commonwealth v. Phillips,* 215 Pa. Superior Ct. 5, 257 A.2d 81 (1969); *cf. Commonwealth v. Justice,* 230 Pa. Superior Ct. 537, 326 A.2d 564 (1974). The fact that a judgment was entered on each count does not require a new trial, as appellant contends,

---

12. The Act was not repealed by the Crimes Code, 18 Pa. C.S.

13. This is not a paradox. "Beyond a reasonable doubt" is not the same as absolute certainty. Thus, as in the present case, circumstantial evidence may be sufficient to justify a conclusion beyond a reasonable doubt that the defendant is guilty of unlawful taking; and, when emphasis is placed on different factors, or where different reasonable inferences are drawn from the evidence, it may also be sufficient to justify a conclusion beyond a reasonable doubt that he is guilty of receiving stolen property. Even so, it is certain from the definition of the two crimes that no person can in fact be guilty of both. Recognizing this, the Act of 1860, *supra,* 19 P.S. §411, permits the two inconsistent crimes to be tried together (a sort of alternative pleading), but a judgment of sentence can only be imposed for one or the other.

but merely that this court correct the judgments,[14] as the Commonwealth concedes. The judgments of sentence for receiving stolen property and for unlawful taking were both six to twelve months in prison, to run concurrently with the sentence of one to three years for burglary. Here, as has been discussed, the evidence was sufficient to support a verdict of guilty either of receiving stolen property or of unlawful taking. However, the judge further found appellant guilty of burglary and conspiracy. From this it follows that he found that appellant had entered the warehouse (or that his co-conspirators had) with the intent to commit the crime of unlawful taking. Since the same person cannot commit both the crime of unlawful taking and the crime of receiving stolen property, we must vacate the judgment of sentence for receiving.

It might seem that the judgment of sentence for unlawful taking could be permitted to stand. However, §3502(d) of the Pennsylvania Crimes Code provides:[15]

"A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree."

Since the crime of unlawful taking is not a felony of the first or second degree, we must therefore also vacate the judgment of sentence for unlawful taking. The judgments of sentence for burglary and conspiracy will stand.

Judgment of sentence affirmed on Nos. 222 and 224.

Judgment of sentence vacated on Nos. 220 and 223.

---

14. This court may, in its discretion, either modify the sentence or remand for modification. Act of July 31, 1970, P.L. 673, No. 223, Art. V, §504, 17 P.S. §211.504 (Supp. 1974-75).

15. 18 Pa. C.S. §3502(d).