456 A.2d 201

**Rose M. WISNIEWSKI, Appellant,**

**v.**

**G.W. EHEMANN and Bruce William Ehemann.**

Superior Court of Pennsylvania.

Argued Nov. 8, 1982.

Filed Feb. 4, 1983.

100

Richard J. Fidei, John A. Miller & Assoc. Ltd., Beaver, for appellant.

Bruce E. Woodske, Beaver, for appellees.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

CAVANAUGH, Judge:

The issues in this appeal from the denial of motions following a jury verdict for the defendant in an automobile accident injury claim are whether the verdict is against the weight of the evidence and whether in the circumstances of this case the court erred in refusing to charge the jury that there is a permissible inference of negligence when a moving vehicle collides with the rear end of a vehicle which has stopped and has a turn signal in operation. We find that

under the circumstances the court erred in refusing the requested charge and grant a new trial.

On December 7, 1974 appellant Rose Wisniewski was on her way to work at the Sherwood Inn located on Brodhead Road, a two lane highway between Aliquippa and Monaca in Beaver County. She came to a stop and, according to her testimony, stood for about one minute with her right turn signal on awaiting the movement of traffic on the Sherwood Inn parking lot to permit her entry. Appellee Bruce Ehemann approached from the rear traveling on a downgrade in rainy weather with a view of a "couple" of hundred feet ahead. Although he applied his brakes he collided with the rear end of appellant's vehicle.

At the conclusion of the evidence the court began its charge to the jury by ruling on requests for charge. After refusing requests for binding instructions submitted by both parties the court ruled on appellant's only other point for charge as follows:

> In addition, on behalf of the Plaintiff, we are also asked to instruct you "When a moving vehicle has collided with the rear end of a stopped vehicle with its right turn signal on, an inference of negligence arises." That is likewise refused because we think negligence is a question for you to determine under all the evidence in the case.[1]

The first question we must resolve is whether it is *ever* proper to charge a jury that they may infer negligence on the part of the driver who they find has struck a standing vehicle on the highway in the rear. We think the law permits such an inference and that the charge is a proper one to which the driver of the forward vehicle is entitled. In *Kralik v. Cromwell*, 435 Pa. 613, 258 A.2d 654 (1969) the plaintiff in a case similar to the present one testified that he stopped his vehicle on the highway, that

1. A better point would read that the jury *may* infer negligence from the fact of a rear end collision. Of course, the court need not re-form a point for charge which is not wholly a correct statement of the law. However this is not so where, as we here find, the court's instruction is inadequate on the important issue raised by the point. See *McGowan v. Devonshire Hall Apartments*, 278 Pa.Super. 229, 420 A.2d 514 (1980).

the highway was dry; that after a few seconds his car was struck in the rear by defendant's vehicle. The court found that while the plaintiff always has the burden of establishing the existence of negligence and its causal connection with the loss suffered, the plaintiff's testimony established a prima facie case meeting his burden. The principle that a fact-finder is entitled to draw an inference of negligence from the fact of a rear end collision was also recognized in *Ingram v. Commonwealth Unemployment Compensation Board of Review*, 47 Pa.Commw. 496, 408 A.2d 570 (1979).[2] And in another rear end collision case our court stated with respect to the defendant driver:

> Since the automobile which caused the damage was driven by the defendant and was exclusively under his management and control, it was a fair inference for the jury that he failed to observe the degree of care required of him by law and that he therefore was chargeable with negligence which resulted in injury to the plaintiff. The question of defendant's negligence was fact for the jury to be determined from all the evidence in the case (*Cirquitella et ux. v. Callaghan, Inc.*, supra) and the evidence adequately supports the verdict.

2. An inference, of course, differs from a presumption and is nothing more than the application of logic to support certain deductions made from relevant evidence. Our cases have noted that whereas a rebuttable presumption forces the defendant to come forth or suffer inevitable defeat on the issue in controversy, an inference does not put the defendant in such a position, i.e., it does not shift the burden of going forward with the evidence or the burden of persuasion. *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727, *cert. den.*, 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116 (1972); *Commonwealth v. Sheppard*, 229 Pa.Super. 42, 324 A.2d 522 (1974), and in fact, in *Gilbert v. Korvette, Inc.*, 457 Pa. 602, 327 A.2d 94 (1974) our Supreme Court adopted § 328(D) of the Restatement (Second) of Torts (1965) which provides that in certain instances negligence may be proved circumstantially; that is, it may be inferred when the event is of a kind which ordinarily does not occur in the absence of negligence; that other responsible causes are sufficiently eliminated by the evidence, and the indicated negligence is within the scope of the defendant's duty to the plaintiff. See also the discussion of inferences and presumptions in Jones on Evidence (6th Edition) § 3:2; *Cirquitella v. C.C. Callaghan, Inc.*, 331 Pa. 465, 200 A. 588 (1938); *Toff v. Rohde*, 208 Pa.Super. 411, 222 A.2d 434 (1966).

*Meek v. Allen,* 162 Pa.Super. 495, 498, 58 A.2d 370, 371 (1948).

Since we have determined that facts which support the finding of a rear end collision on the highway are sufficient under Pennsylvania law to create a jury question of negligence it follows that a charge which advises the jury that they are permitted to infer the existence of negligence under such circumstances should ordinarily be given on request.[3] To do otherwise would be to determine that a jury question was established yet fail to tell the jury the import of this determination, so that they may make the inference if they so desire. It would deny the jury the use of a deliberative tool which the law has forged in the plaintiff's behalf. Therefore, it was error for the court to refuse the point in this case.

However, our analysis is not complete for as recently noted by our court:

> Appellant's averment that the trial court's jury instructions contained error is equally without merit. When reviewing an allegation of error in the court's charge, we must "look to the charge in its entirety, against the background of the evidence in each case, in order to determine whether an error was committed and whether any prejudice resulted." *Jacob Kline Cooperage, Inc. v. George W. Kistler, Inc.,* 286 Pa.Super. 84, 89, 428 A.2d 583, 586 (1981). Accord: *McCay v. Philadelphia Electric Co.,* 447 Pa. 490, 499, 291 A.2d 759, 763 (1972); *Mount v. Bulifant,* 438 Pa. 265, 270, 265 A.2d 627, 630 (1970); *Whitner v. Lojeski,* 437 Pa. 448, 454, 263 A.2d 889, 892 (1970); *Smith v. Chardak,* 291 Pa.Super. 173, 175, 435 A.2d 624, 625 (1981); *Slavish v. Ratajczak,* 277 Pa.Super. 272, 274, 419 A.2d 767, 768 (1980); *Albert v. Alter,* 252 Pa.Super. 203, 217, 381 A.2d 459, 466 (1977)

**3.** A similar permissible inference is found in situations where our courts have held that the presence of a vehicle on the wrong side of the highway is prima facie evidence of defendant's negligence. See *Cwiakala v. Paal,* 427 Pa. 322, 235 A.2d 145 (1967); *Richardson v. Patterson,* 368 Pa. 495, 84 A.2d 342 (1951). Therefore, it was error for the court to refuse the point in this case.

*Brogley v. Chambersburg Engineering Co. v. Jones and Laughlin Steel Corp.*, 306 Pa.Super. 316, 452 A.2d 743 (1982).

 When we review the charge in the present matter we conclude that prejudicial error occurred when the court refused the point for charge. In the first instance, as set forth above, the court not only denied the requested instruction but in fact read it to the jury and stated that it was refused, thereby negating in the jury's mind any natural inferences that they might otherwise draw from the facts. Secondly, the court did not, in its charge, spell out any specific duties which the appellee driver owed to the appellant such as his duty to maintain a lookout or keep his vehicle under proper control.[4]

The court further charged the jury that many accidents are pure accidents which give rise to no right of damages whatever, thereby inviting the jury to find that this accident was not the fault of either driver, an unlikely event in the occurrence of a two car collision involving no other instrumentalities. The evidence did not suggest any other reason for the happening of the accident.

**4.** If no particular instructions are requested, the court is responsible for the general effect only, and is required to charge only as to matters of law which are fundamental. See 6 Standard Pennsylvania Practice 398 and 452 and cases therein cited. However, we have examined the entire charge herein to determine the possible prejudicial effect of the denial of the specific point *which was requested.* The court did charge the jury on a portion of the Motor Vehicle Code (see 75 Pa.C.S.A. § 3361) as follows:

Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other restrictions or conditions then and there existing. No person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person, nor at a greater speed than will permit him to bring the vehicle to a stop within the assured clear distance ahead.

However, the court failed to explain how a violation of this provision might relate to this case, and in fact advised the jury generally that it applied to *both* drivers. Under any interpretation of the evidence, the speed of appellant's vehicle could not have been a factor in this accident. Finally, the court did not explain to the jury what is meant by the "assured clear distance ahead" language.

We conclude that it was prejudicial error to refuse the requested point for charge and grant a new trial.

Judgment reversed.