Commonwealth *v.* Butch, Appellant, et al.

Commonwealth *v.* Butch (et al., Appellant).

Argued September 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Submitted December 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Daniel-Paul Alva,* with him *LaCheen, Doner, Lacheen & Gross,* for appellant at No. 1111.

*Bert M. Goodman* and *Stewart J. Greenleaf,* Assistant District Attorneys, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, submitted a brief for Commonwealth, appellee at No. 1111.

*Lenard H. Sigal,* for appellant at No. 1183.

*Bert M. Goodman* and *Stewart J. Greenleaf,* Assistant District Attorneys, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee at No. 1183.

OPINION BY WATKINS, P.J., March 29, 1976:

This is an appeal from the judgment of the Court of Common Pleas of Montgomery County, Trial Division, Criminal Section, by the appellants, Joseph Anthony Butch and Anthony C. Marricone, after their conviction by a jury of various offenses. The appellant Butch was convicted of attempted theft, conspiracy to commit theft and possession of an instrument of crime. Marricone was convicted of attempted theft and of conspiracy to commit theft. They were tried jointly in a jury trial. Both defendants were sentenced to serve a flat one-year term for attempted theft and each received a consecutive one-year sentence for the conspiracy conviction. Sentence was suspended on the Butch conviction for possession of an instrument of crime.

The defendants raised several issues on appeal, namely, the sufficiency of the evidence and whether the 180-day rule as set forth in Rule 1100 of the Pa.R.Crim.P. was violated by the Commonwealth. They also complained about the admission of several items of evidence.

The facts of the case reveal that at 4:00 A.M. on July 17, 1974, the defendants drove into the parking lot of Signal Delivery Service, the exclusive contract carrier for Sears, Roebuck. They drove around it several times with their lights out. The defendants' activities raised the suspicion of two night mechanics who called the police. The mechanics recognized Marricone as the driver of the vehicle. Marricone then parked his vehicle in some high weeds about a quarter of a mile away from the

parking lot. The two men proceeded on foot to a row of trailers parked against a wall of a warehouse. The vehicle remained hidden in the high weeds.

At this time three Upper Merion Township policemen, responding to the mechanics' call, entered the scene. Upon seeing the policemen the defendants fled and attempted to hide behind a trailer. They were apprehended and frisked by the police. The defendant Butch was carrying two pin-lock keys which could be used to open collar locks that secured the trailers. Marricone had a knife and a stolen credit card. They were then arrested and charged.

The issue involving Rule 1100 was not raised below and must be treated as waived. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

The defendants' complaint concerning the stopping and frisking of their persons made by the police is without merit. The police observed them at 4:00 A.M. in a warehouse parking lot after receiving information of their presence. Upon seeing the police the defendants fled and attempted to conceal their whereabouts from the officers. Their presence on private property at 4:00 A.M., coupled with their flight and attempt to hide, provided sufficient cause to the officers to stop and frisk under the principles set forth in *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889 (1968). Their conduct gave sufficient cause to the police to believe that criminal activity may be afoot and that the defendants intended to resist questioning. We hold that the officers had the right to "stop and frisk" under all these circumstances.

The defendants also allege that the evidence produced at trial was not sufficient to support the verdict and that, further, no testimony concerning the value of the goods intended to be removed was introduced. "Theft by Unlawful Taking or Disposition" is controlled by the Act of December 6, 1972, P.L. 1482, No. 334, §1, 18 Pa.C.S. §3921, effective June 6, 1973.

An attempt to commit a specific crime is accomplished when a person does by any act that which constitutes a substantial step toward the commission of that crime. Act of December 6, 1972, P.L. 1482, No. 334, §1, 18 Pa.C.S. §901, effective June 6, 1973. While it is certainly possible to renounce a crime prior to its actual commission, there is no evidence in this record that the defendants did so. There is sufficient evidence to indicate that they had formed the intent to remove property from the trailers. They were observed late at night on private property walking toward the trailers. One of the defendants carried a special instrument to open trailer locks making them mobile. They were walking together and fled and hid when detected by the police. This was sufficient evidence for a jury to infer that they were working in concert and that they did intend to appropriate property which wasn't theirs to their own use.

The facts also support the Butch conviction of possessing an instrument of crime as the pin-lock keys were possessed by him under circumstances not manifestly appropriate for lawful use. Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. §907, effective June 6, 1973.

It is true that the Commonwealth did not prove the value of that which the defendants allegedly attempted to remove but the court imposed the minimum sentence in conspiracy and attempt. Act of December 6, 1972, P.L. 1482, No. 334, §1, 18 Pa.C.S. §1104. This sentence was lawful under 18 Pa.C.S. §3903 (c) (3), as amended June 17, 1974, P.L. 356, No. 118, §1, immediately effective, which provides that in the event the valuation of goods was not ascertained, they will be presumed to be of value less than $50.00 and the offense a misdemeanor of the third degree.

Judgment affirmed.