380 A.2d 1235

**COMMONWEALTH of Pennsylvania**

v.

**James M. HARDICK, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 30, 1977.

Decided Dec. 24, 1977.

476

Robert M. Hanak, Reynoldsville, for appellant.

J. Kipp Lukehart, Dist. Atty., Brookville, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

POMEROY, Justice.

Appellant, James M. Hardick, was convicted after a jury trial of possession of instruments of crime [1] and was sentenced to imprisonment for a term of two years to five years.[2] The Superior Court affirmed without opinion and

---

1. *See* § 907 of the Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S.A. § 907.

2. The sentence was to run consecutively to a sentence imposed for a burglary conviction arising out of another incident.

we allowed the present appeal to examine Hardick's contention that the Commonwealth failed to sustain its burden of proving that the instruments were possessed with the requisite criminal intent. We shall affirm.

The record discloses that on October 4, 1973, at approximately 12:30 A.M., a Pennsylvania state trooper, Robert E. Miller, observed the appellant, on a well-lit street in a commercial area of Punxsutawney, demonstrating to an unidentified individual a suction device known as a "tin-plate". This was being done by applying the device to the door of Hardick's automobile, and showing its suction ability by way of a lifting motion applied to the device which resulted in a rocking of the vehicle. Later that morning, the appellant was arrested for an unrelated burglary incident, in connection with which he gave a written authorization to Trooper Miller and Joseph Volpe, Chief of Police of Punxsutawney, to search his automobile. During that search the police confiscated the tin-plate as well as a hacksaw blade, a drill bit and a metal punch. The finding of these instruments precipitated the lodging of the present charge against appellant.

At trial, Chief Volpe stated that he was familiar with the tin-plate; he said it was a specialized tool commonly used by professional burglars to crack safes. Using a blackboard, Volpe illustrated how the tin-plate is attached by its suction cups to the face of the safe door after the combination dial has been removed. The drill bit is placed in the disc of the tin-plate and driven through the door of the safe with a hammer in order to release the tumblers and open the lock. Volpe further testified that he was aware of no other use for such a device. Trooper Miller stated that the hacksaw blade and drill bit were for use on heavy metal and agreed with Volpe that the tin-plate, to his knowledge, had no other purpose than safe-cracking. The defendant presented no evidence, but rather sought to impeach Trooper Miller with his prior testimony in which the officer had indicated such a device might be used for the repair of dented automobiles.

As he did in the trial court, Hardick now alleges that this evidence failed to establish, as required by 18 Pa.C.S.A. § 907 (*see* n.1, *supra*), that defendant intended to use the instruments for criminal purposes. Section 907 of the Crimes Code provides in relevant part:

"(a) Criminal instruments generally.—A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

"(c) Definitions.—As used in this section the following words and phrases shall have the meanings given to them in this subsection:

'Instrument of crime.'

(1) Anything specially made or specially adapted for criminal use; or

(2) anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have."

It is clear from this statutory language that two requirements must be met before one can be convicted under this section: (1) possession of criminal instruments by the defendant; and (2) an intent to use the tools for some criminal purpose. *Commonwealth v. Allen*, 466 Pa. 474, 353 A.2d 452 (1976). The Crimes Code provision is simply a recodification in general terms of the former crime of possessing burglary tools, defined in some detail by the Penal Code of 1939.[3]  See

---

3.  *See* the Act of June 24, 1939, P.L. 872 § 904, *as amended*, 18 P.S. § 4904.  That section provided:

"Whoever has in his possession any tool, false-key, lockpick, bit, nippers, fuse, force-screw, punch, drill, jimmy, or any material, implement, instrument, or possesses a key or device specifically designed to open or break any parking meter, coin telephone or other vending machine dispensing goods or coin operated services including but not limited to washing machines, dryers, dry cleaning machines, extractors or a part thereof or possesses a drawing, print or mold of a key or device specifically designed to open or break any parking meter, coin telephone or other vending machine dispensing goods or coin operated services including but not limited to washers, dryers, drycleaning machines and extractors or any other mechanical device, or other mechanical device, designed or commonly used for breaking into any vault, safe, railroad car, boat, vessel, motor vehicle, aircraft, warehouse, store, shop, office, dwelling house, or door, shutter or window of a building of any

*Commonwealth v. Stanley*, 453 Pa. 467, 309 A.2d 408 (1973). Thus as appellant correctly asserts, intent to use the instruments in a criminal manner is an independent element of the offense which the Commonwealth must prove. As in any criminal offense, however, intent need not be directly proved, but may be inferred from the circumstances surrounding the incident out of which the charges arise. See e. g., *Commonwealth v. O'Searo*, 466 Pa. 224, 352 A.2d 30 (1976); *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973); *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727 (1972); *Commonwealth v. Clinton*, 391 Pa. 212, 137 A.2d 463 (1958); *Commonwealth v. Simmons*, 233 Pa.Super. 547, 336 A.2d 624 (1975); *Commonwealth v. Sheppard*, 229 Pa.Super. 42, 324 A.2d 522 (1974); *Commonwealth v. Dionisio*, 178 Pa.Super. 330, 116 A.2d 109 (1955). In *Commonwealth v. Dionisio, supra*, the Superior Court stated:

"The third element, possession with the intent to use the tools for any of the felonious purposes set forth in the act, cannot be inferred from the mere possession of the tools. The Legislature, in enacting section 904 of the Act of June 24, 1939, P.L. 872, 18 P.S. § 4904, omitted that part of the Act of March 14, 1905, P.L. 38, § 1, which provided that the jury could infer such intent from the mere possession of the tools. Such omission by the Legislature is significant and must be construed to indicate that proof of intent requires more than possession. Statutory Construction Act of May 28, 1937, P.L. 1019, Art. IV, § 51, 46 P.S. § 551. However, proof of a general intent is sufficient. It is not necessary to allege or prove an intent to use the tools in a particular place, for a special purpose or in any particular manner. *State v. Hefflin*, 338 Mo. 236, 89

kind, with the intent to use such tools or instruments for any of the felonious purposes aforesaid, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine of not more than one thousand dollars ($1000), or undergo imprisonment, by separate or solitary confinement, for a period of not more than three (3) years, or both."
Like many other provisions of the Crimes Code, Section 907 (which replaces the above quoted § 904 of the Penal Code) is patterned after the American Law Institute's Model Penal Code. *See* the Model Penal Code, § 5.06 (Proposed Official Draft, 1962).

S.W.2d 938; *Com. v. Tivnon,* supra, 8 Gray 375, 74 Mass. 375, 69 Am.Dec. 248; *O'Neill v. State,* supra, 105 Neb. 824, 182 N.W. 503; *People v. Taranto,* 2 Ill.2d 476, 119 N.E.2d 221. Such general intent need not be proved by direct evidence, but may be indicated by the circumstances surrounding the possession. *State v. Kappen,* supra, 191 Iowa 19, 180 N.W. 307; *State v. Furlong,* 216 Iowa 428, 249 N.W. 132; *Kitts v. State,* 153 Neb. 784, 46 N.W.2d 158; *State v. Salernitano,* 27 N.J.Super. 537, 99 A.2d 820." 178 Pa.Super. at 334–35, 116 A.2d at 111–12. (Footnote omitted.)

The question to be resolved in this appeal, then, is whether the circumstances surrounding the seizure of the instruments is sufficient to give rise to the inference that the tools in Hardick's possession were possessed for criminal purposes.

▆▆▆▆ Viewing the evidence as we must in a light most favorable to the Commonwealth and granting to the Commonwealth the benefit of all reasonable inferences arising from the evidence, see *Commonwealth v. Bruno,* 466 Pa. 245, 352 A.2d 40 (1976); *Commonwealth v. Rankin,* 441 Pa. 401, 272 A.2d 886 (1971), the testimony presented at trial established the following: (1) a tin-plate is a specialized tool used in burglarizing safes; (2) the tin-plate here involved was found along with other tools which would normally be necessary when using the tin-plate for safe-cracking purposes; (3) the instruments were found in an automobile (as opposed to a home or shop) in a commercial area of Punxsutawney at a time when the commercial establishments would not be open for business; and (4) the appellant gave an evasive answer when asked why he had possession of the tin-plate.[4] While the proof offered by the prosecution might have been more extensive, we cannot say that the facts established were insufficient to give rise to a supportable conclusion on the part of the fact finder that beyond a

4. When Trooper Miller (at the time of the incident) questioned Hardick as to his possession of the tin-plate, appellant responded that he used it to "serve martinis."

reasonable doubt the instruments were possessed by Hardick with an intent to employ them criminally.[5]

The order of the Superior Court is affirmed.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice, dissenting.

The majority correctly states that to convict an accused of possession of instruments of crime, the prosecution must prove not only possession but also must prove intent to use the tools for some criminal purpose. Intent cannot be inferred from mere possession, otherwise there would be no need for a separate intent requirement. In this case, the prosecution may have proved possession but proved nothing more, hence appellant's conviction should be reversed.

The prosecution's evidence, which sought to establish that a tin-plate is used to open safes, went solely to the first element of the crime charged—possession of *instruments of crime*. Whereas the evidence might establish that a tin-plate is such an instrument, it certainly does not establish intent to use it criminally. Appellant was in no way acting in a furtive or clandestine manner, was demonstrating the instrument in plain view of anyone interested, and was not acting in any way to indicate that a property crime was imminent. Every citizen who transports tools in a city at night, tools that conceivably could be used to gain entrance

5. Defense counsel did suggest in his questioning that a tin-plate could be used to repair dents in automobiles. Both prosecution witnesses denied that this was a function of the device, although Trooper Miller's earlier statement to the effect that the instrument could be used for such a purpose was admitted into evidence. Trooper Miller did, nevertheless, state that the particular make-up of the tin-plate here involved, which was equipped with numerous suction cups, was unlike one that might be used for automobile repair purposes. We do not have, then, in the instant situation, a case where the Commonwealth has failed to introduce evidence as to the criminal nature of the tools (compare *Commonwealth v. Clinton*, 391 Pa. 212, 137 A.2d 463 (1958)). The Commonwealth has established a prima facie case that the tin-plate and other tools were found under circumstances not manifestly appropriate for lawful uses. See *Commonwealth v. Allen*, 466 Pa. 474, 353 A.2d 452 (1976); *Commonwealth v. Butch*, 238 Pa.Super. 524, 361 A.2d 380 (1976).

482

to another person's private property, cannot be convicted of a crime. The prosecution must prove beyond a reasonable doubt that the individual intended to use those tools for a criminal purpose. I think the prosecution's evidence in this case fails to meet that standard of proof. I therefore dissent.