421 A.2d 465

**COMMONWEALTH of Pennsylvania**

v.

**Edward EBO, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 15, 1980.

182

Robert F. Pappano, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and EAGEN, JJ.*

PER CURIAM:

Edward Ebo, appellant, was tried and convicted by a jury in the Court of Common Pleas of Delaware County of robbery, aggravated assault, simple assault, recklessly endangering another, criminal attempt–attempted theft, and conspiracy. A judgment of sentence of not less than one nor more than two years imprisonment was imposed on the robbery conviction.[1] The remaining judgments of sentence were suspended. This appeal followed.

Ebo argues the Commonwealth's evidence is insufficient to support the convictions for robbery and criminal attempt–theft[2] because the "Commonwealth simply failed to introduce the testimony of the victim, that anything had been taken from him and [t]here is not even any positive testimony that an attempt to take anything was made."

■ Given Ebo's argument, we need only determine if the evidence established an attempt to commit theft because

---

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

1. Ebo was also ordered to make restitution to the victim and to pay a fine of ten (10) dollars plus costs.

2. Ebo frames the issue in terms of error by the trial court in failing to grant his demurrer to the charges. Since, following denial of the demurrer, the defense presented its case, the issue is properly framed in terms of the sufficiency of the evidence. *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976).

such proof is sufficient to establish the pertinent element of robbery which Ebo claims was not established, as well as the crime of criminal attempt. 18 Pa. C.S.A. § 3701(a)(2). "An attempt to commit a specific crime is accomplished when a person [, with intent to commit a specific crime,] does by any act that which constitutes a substantial step toward the commission of that crime." *Commonwealth v. Butch*, 238 Pa.Super. 524, 528, 361 A.2d 380, 382 (1976); 18 Pa. C.S.A. § 901(a). In reviewing the evidence to determine if an attempt to commit a theft as delineated was here established, we must accept as true all of the evidence and reasonable inferences therefrom upon which, if believed, the jury could have based its verdict. *Commonwealth v. McFadden*, 448 Pa. 277, 292 A.2d 324 (1972). So viewed, the evidence establishes the following:

On June 25, 1977, at approximately 2:30 p. m. in a public parking lot in Darby, Robert McLoughlin, the victim, was opening his car door when two persons ran from behind another car and attacked McLoughlin with a pipe raised in the air. McLoughlin attempted to defend himself by jabbing at the attackers. During the course of the attack, McLoughlin was struck in the back with the pipe. As McLoughlin turned to escape from the attackers, they fled in the opposite direction. Dorothy C. Reed, who witnessed the attack from her car while stopped at a traffic light approximately twenty–seven feet away, testified that McLoughlin was in the parking lot waving his hands; that two boys were also there and one had a long pipe and a green paper bag; that, while one of the boys was approaching McLoughlin with the pipe, the other, Ebo, "went over to the side of the car and tried to open up the car door;" and, that Ebo opened the door, but did not go inside.

We agree with the trial court that the evidence presented, particularly the opening of McLoughlin's car door by Ebo during the course of the attack, is sufficient to support an inference that the attackers had the intent to commit a theft and a conclusion that, *inter alia*, the opening of the car door by Ebo was a substantial step toward the commission of that

crime. See *Commonwealth v. Butch*, supra. Cf. *Commonwealth v. Farmer*, 244 Pa. Super. 334, 368 A.2d 748 (1976).

Ebo next argues the trial court erred in admitting into evidence in–court identification testimony of McLoughlin and Reed. The facts relevant to this are as follows:[3]

After the two attackers fled, McLoughlin pursued them for two to three minutes before returning to the parking lot. In the meantime, Reed had summoned police who were present at the parking lot when McLoughlin returned. McLoughlin was soon transported to a nearby hospital by police for treatment. Soon thereafter, police officers began to search the area for persons matching a description obtained from McLoughlin and Reed. Essentially, the description of Ebo included approximate age, height and weight, and color and type of attire.

Ebo was arrested, while seated on a bus in a nearby terminal, only minutes after the police left the parking lot. Ebo was then taken to the hospital where, about fifteen minutes after his arrest, he was identified by McLoughlin. Ebo was accompanied by police and handcuffed when identified by McLoughlin.

Ebo was then transported to police headquarters. Reed, while entering the station at about 3:15 p. m., looked through a window, observed Ebo who was handcuffed, and identified him to a police officer as one of the two attackers.

Ebo filed a motion to suppress any testimony recounting the out–of–court identifications because the surrounding circumstances were unduly suggestive. Suppression of this testimony was granted. Ebo also moved to suppress any in–court testimony by Reed or McLoughlin as to identity complaining such testimony was tainted by the out–of–court identifications. The suppression court denied this request concluding this testimony had a sufficiently independent origin so as to be purged of the primary taint.

**3.** In determining these facts, since the suppression court found the evidence admissible, we must consider only the evidence presented by the Commonwealth and so much evidence as presented by Ebo, as fairly read, remains uncontradicted. *Commonwealth v. Johnson*, 467 Pa. 146, 354 A.2d 886 (1976).

■ The burden of showing in–court identification testimony has an independent origin is on the Commonwealth and must be met by clear and convincing evidence. *Commonwealth v. Brown*, 462 Pa. 578, 342 A.2d 84 (1975). In determining whether the Commonwealth has met its burden, we must consider certain factors which were reiterated in *Commonwealth v. Brown*, supra, and need not be now repeated. Suffice it to say, the suppression court's conclusion is supported by the evidence because (1) both McLoughlin and Reed had a good opportunity to observe Ebo during the crime which opportunities, albeit only for a few minutes in each instance, were from a short distance and in daylight; (2) each provided descriptions which were somewhat detailed and contained no discrepancies with Ebo's actual appearance; (3) neither identified any person other than Ebo; (4) neither ever failed to identify Ebo; and, (5) the lapse of time between the improper showings and the attack was short. Under the circumstances, we find no error in the suppression court's ruling.

■ Finally, Ebo argues the trial court erred in refusing three requested points for charge. The requested points covered various concepts connected with identification testimony, specifically that numerous records show it is "proverbially untrustworthy;" that it should be closely scrutinized since mistaken identifications are not uncommon; and, that it should be received with caution because "we all know . . . we have . . . mistaken a passerby on the street." Although the court refused the specific points, it did charge on the manner of receiving identification testimony and, hence, covered the area brought out in the requested points. Specifically, the charge as given was substantially in accord with *Commonwealth v. Lee*, 215 Pa.Super. 240, 245 n.2, 257 A.2d 326, 329 n.2 (1969), and *Commonwealth v. Kloiber*, 378 Pa. 412, 424, 106 A.2d 820, 826 (1954), in that the court, *inter alia*, advised the jury to carefully scrutinize an opinion as to identification if it found a lack of a clear observation, equivocation in identifying, or an identification weakened by cross–examination.

Judgment of sentence affirmed.