J-S45013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEMETRICK LAMONT RICHARDSON, | |
| Appellant | No. 2184 MDA 2014 |

Appeal from the Judgment of Sentence November 14, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001953-2014

BEFORE:  BOWES, WECHT, AND FITZGERALD * JJ.

MEMORANDUM BY BOWES, J:                    **FILED SEPTEMBER 11, 2015**

Demetrick Lamont Richardson appeals from the judgment of sentence of two to four years imprisonment followed by twelve months probation, which was imposed by the court following his conviction at a bench trial of possession of a firearm, possession of an instrument of crime ("PIC"), and possession of cocaine.  We affirm.

The facts giving rise to Appellant's conviction are summarized from the transcript of the October 2, 2014 non-jury trial.  Pennsylvania State Police Trooper William Colvin testified that on January 1, 2014, he was patrolling in a marked vehicle when he observed a vehicle on Market Street.  As he customarily does, the trooper ran the registration for the vehicle and learned that the operating license of its registered owner had been suspended.  After

_____
* Former Justice specially assigned to the Superior Court.

procuring a JNET photograph[1] of the owner of the vehicle, he pulled his cruiser alongside and visually confirmed that the driver of the vehicle was the registered owner, Appellant. The trooper initiated a traffic stop, approached the vehicle, identified himself, and advised Appellant of the reason for the stop. Trooper Colvin subsequently confirmed that Appellant had two outstanding warrants and no vehicle insurance, and took him into custody.

When the tow truck arrived, the trooper conducted an inventory search of the vehicle. He found several small empty baggies in the center console. On the rear passenger-side floor, he observed a white sheet with a large solid object beneath it. When he removed the sheet, he found a sawed-off shotgun. A small baggie of cocaine lay in close proximity to the gun. The trooper identified the shotgun as the weapon he found in Appellant's vehicle. A lab report on the firearm, which did not bear a registration number, indicated that it had a broken firing pin and was inoperable.

Appellant testified that he was stopped by police while driving his vehicle on Market Street on January 1, 2014. He provided his license and

_____

[1] JNET is the Pennsylvania integrated justice portal that provides a common online environment for authorized users to access public safety and criminal justice information. It includes access to PennDot's driver's license and photo records.

- 2 -

registration to the officer upon request and asked why he had been pulled over. He confirmed that the trooper told him that he was being placed in custody due to outstanding warrants and a suspended license.

Appellant admitted at trial that the cocaine found in the car could have been his because he was addicted. He denied that he owned the shotgun and maintained further that he did not know it was in the vehicle. Appellant testified that he had loaned out his vehicle that night in exchange for cocaine.

The Commonwealth withdrew the charge of possession of a firearm without a license at the commencement of trial, conceding that it could not establish the elements of that offense due to the inoperability of the firearm. However, it maintained that the charge of person not to possess was unaffected because the firearm, although inoperable, was "designed to or may be readily converted to expel any projectile" for purposes of 18 Pa.C.S. § 6105. The trial court agreed. It found Appellant guilty of person not to possess a firearm, possession of cocaine, PIC, and driving with a suspended license.

On November 14, 2014, with the benefit of a pre-sentence investigation report, the court imposed a mitigated range sentence, granted Appellant credit for time served, and suggested that he enroll in boot camp. Appellant filed a post-sentence motion seeking judgment of acquittal, or, in the alternative, a new trial or reconsideration of sentence. The court found

that there was sufficient evidence to convince the finder of fact as to every one of the charges, and denied the motion on December 17, 2014. Appellant timely appealed on December 26, 2014, and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant raises two issues:

    I.    The evidence at trial was insufficient as a matter of law to support the trial court's verdict that defendant committed the crimes of person not to possess a firearm and possession of an instrument of crime.

    II.    The verdict of guilty for person not to possess a firearm and possession of an instrument of crime are against the weight of the evidence.

Appellant's brief at ii.

In reviewing a challenge to the sufficiency of the evidence, we must determine

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the

evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Giordano***, 2015 Pa. Super. LEXIS 448, *6-7, 2015 PA Super 167 (quoting ***Commonwealth v. Cahill***, 95 A.3d 298, 300 (Pa.Super. 2014)).

Appellant contends first that the evidence was insufficient to sustain his conviction for person not to possess. That statute provides in pertinent part:

> § 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms.
>
> (a) Offense defined.
>
> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.
>
> > (i) A person who is prohibited from possessing, using, controlling, selling, transferring or manufacturing a firearm under paragraph (1) or subsection (b) or (c) shall have a reasonable period of time, not to exceed 60 days from the date of the imposition of the disability under this subsection, in which to sell or transfer that person's firearms to another eligible person who is not a member of the prohibited person's household.

18 Pa.C.S. § 6105(a)(1).

The defense stipulated that Appellant was prohibited from possessing a firearm and that he had been so prohibited since 2009. However, Appellant contends that the Commonwealth failed to introduce evidence that he knew the gun was in the vehicle.

Where the defendant is not found in actual possession of contraband, the Commonwealth must establish a theory of constructive possession to support the conviction. *Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa.Super. 2013). As this Court held in *Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa.Super. 2012) (internal quotation marks and citation omitted),

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

This Court has found constructive possession where the individual does not have actual possession over the illegal item but has conscious dominion over it, *i.e.*, the power to control the item and the intent to exercise it. *Commonwealth v. Heidler*, 741 A.2d 213, 215 (Pa.Super. 1999); *Hopkins*, *supra*. When the contraband is located in an area usually only accessible to the defendant, an inference may be made that the defendant either knew of its presence or placed it there. *Commonwealth v. Haskins*, 677 A.2d 328 (Pa.Super. 1996); *Commonwealth v. Carter*, 450 A.2d 142

(1982) (appellant had constructive possession of a firearm where the firearm was found on the floor of a vehicle within his view); ***Commonwealth v. Thompson***, 428 A.2d 223, 224 (Pa.Super. 1981); ***Commonwealth v. Ferguson***, 331 A.2d 856, 860 (Pa.Super. 1974).

We find ***Commonwealth v. Boatright***, 453 A.2d 1058 (Pa.Super. 1982), upon which Appellant relies, distinguishable. In that case, the defendant was not the only individual in the car, as there was also a driver and a rear seat passenger. Furthermore, the car was registered to the driver's girlfriend. Consequently, this Court held that the evidence failed to establish constructive possession and we reversed the conviction. Herein, Appellant was the sole occupant of the vehicle, which was registered in his name. The shotgun was hidden under a sheet in the rear floor of the car in close proximity to cocaine that Appellant admitted belonged to him. Though Appellant testified that he had lent his car and was unaware of the shotgun, the trial court did not credit that testimony. We find no basis to disturb that credibility determination.

With regard to the PIC charge, Appellant reiterates his claim that there was insufficient evidence of possession, an argument we have already rejected. He also claims that the Commonwealth did not introduce any evidence to show that the shotgun was in fact an instrument of crime or that he had any intent to employ it criminally. He claims that there are many lawful uses for a shotgun, and the Commonwealth failed to show that it was

being used for something unlawful. Additionally, Appellant points out that the shotgun's firing pin was broken, rendering it "impossible to fire." Appellant's brief at 14.

> Possessing an instrument of crime, 18 Pa.C.S. § 907(a) provides
>
> (a)Criminal instruments generally. --A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

18 Pa.C.S. § 907.

It is the Commonwealth's burden to prove that the defendant possessed an object that is an instrument of crime with the intent to use the object for a criminal purpose. *In the Interest of A.C.*, 763 A.2d 889, 890 (Pa.Super. 2000). An instrument of crime is defined as "[a]nything specially made or specially adapted for criminal use" or "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." *Commonwealth v. Stokes*, 38 A.3d 846, 854 (Pa.Super. 2011). A "weapon" for purposes of the PIC statute is "[a]nything readily capable of lethal use and possessed under circumstances not manifestly appropriate for lawful uses which it may have" and includes "a firearm which is not loaded or lacks a clip or other component to render it immediately operable, and components which can readily be assembled into a weapon." 18 Pa.C.S. § 907.

The instrument of crime herein is a sawed-off shotgun, which is a prohibited offensive weapon by statute. 18 Pa.C.S. § 908. Although it did

not have a firing pin, the trial court determined that the missing component could be readily inserted into the weapon. Both the stock and barrel had been altered and the serial number had been removed to prevent identification, making it something specially adapted for criminal use. The Commonwealth maintains that those modifications to the weapon demonstrated a criminal objective. Furthermore, the shotgun was found in close proximity to cocaine possessed by Appellant and within Appellant's reach. It argues that one may infer consciousness of guilt from the fact of its concealment under a sheet. *See Commonwealth v. Silo*, 502 A.2d 173 (Pa. 1985).

Our Supreme Court has held that an actor's criminal purpose provides the touchstone of his liability for possessing an instrument of crime and that such purpose may be inferred from the circumstances surrounding the possession. *Commonwealth v. Hardick*, 380 A.2d 1235, 1237 (Pa. 1977). However, mere possession of an instrument of crime, standing alone, will not support an inference that the defendant intended to use the instrument of crime for a criminal purpose. In *In the Interest of A.V.*, 48 A.3d 1251, 1253-1254 (Pa.Super. 2012), we rejected the trial court's finding that mere possession of counterfeit money demonstrated intent to use the bills for a criminal purpose simply because there was "no lawful use" for counterfeit bills. We reasoned that "[i]f we were to accept this conclusion, any citizen who possesses counterfeit money after finding or receiving the bills in a

- 9 -

transaction would be subject to criminal prosecution for possessing an instrument of crime regardless of whether they intended to employ the bills criminally or even knew the bills were counterfeit." *Id*. at 1253. We concluded that the fact that counterfeit money has no lawful use supported its classification as an instrument of crime, but did not "relieve the Commonwealth of its burden to prove an actor's intent to use the counterfeit money for a criminal purpose beyond a reasonable doubt." *Id*.

Moreover, in *Commonwealth v. Naranjo*, 53 A.3d 66, 71 (Pa.Super. 2012), we held the PIC statute does not require that a crime be completed; the focus is on whether the defendant possesses the instrument for any criminal purpose. In that case, the defendant was charged with murder and PIC. He admitted to stabbing the victim in a fight but claimed that he acted in self-defense. The jury acquitted the defendant of the homicide charges but convicted him of PIC. On appeal, we affirmed the PIC conviction based on the Commonwealth's evidence that the defendant had prepared for the confrontation with the victim by concealing weapons on his person and refusing to retreat.[2]

---

[2] This was consistent with the Supreme Court's subsequent decision in *Commonwealth v. Moore*, 103 A.3d 1240, 1248 (Pa. 2014), holding that juries may issue inconsistent verdicts and that reviewing courts may not draw factual inferences in relation to the evidence from a jury's decision to acquit a defendant of a certain offense.

The sawed-off shotgun was an instrument of crime by virtue of its special adaptation for criminal use and its status as a prohibited offensive weapon. 18 Pa.C.S. § 907. However, the Commonwealth must also prove intent to employ the weapon criminally. *Hardick*, *supra* at 1237. That intent need not be directly proven, and there need not be evidence of intent to use the instrument of crime in a particular place or for a particular purpose. *Id*. The requisite intent may be inferred from the circumstances surrounding the incident that gives rise to the charges. *Id*. In *Hardick*, the defendant's possession of burglary tools typically used for safe-cracking in his motor vehicle in a commercial area at night when such establishments were not open for business, together with his evasive explanation as to why he was in possession of such tools, was legally sufficient evidence of intent to employ them criminally to sustain the PIC conviction.

The instant case lacks the type of direct evidence of criminal intent that flows from the defendant's actual use of the instrument of crime, such as discharging a weapon during an altercation. However, since it was stipulated that Appellant was a person not to possess a firearm, a fact known to the trial court, the court could infer the requisite general intent from Appellant's unlawful possession of the gun and other circumstantial evidence. Appellant possessed a sawed-off shotgun, a prohibited weapon by definition, under circumstances where he could not have possessed it for any lawful purpose. That, together with the fact that its registration number was

obliterated, provided powerful evidence of intent to employ the weapon criminally. The concealment of the weapon in close proximity to cocaine was further circumstantial evidence of a criminal purpose. Viewing all of the evidence in the light most favorable to the verdict winner, as we must, we find the evidence sufficient to sustain the PIC conviction.

Next Appellant challenges the weight of the evidence supporting his two firearm-related convictions. In support of his claim, he largely reiterates the same arguments he made in his challenge to the sufficiency of the evidence. However, he also relies upon his uncontroverted testimony that he frequently lent his car to his drug supplier in exchange for drugs, and that he had just done so before Trooper Colvin stopped him. Appellant's brief at 17. We find no merit in Appellant's position.

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). As our Supreme Court explained in *Commonwealth v. Clay*, 64 A.3d 1049 (Pa. 2013), our standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings

and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Clay***, ***supra*** at 1055 (citations omitted).

Herein, the trial court, acting as fact-finder, assessed the credibility of witnesses and the evidence. It found the Commonwealth's case "convincing beyond a reasonable doubt" and that the verdict was not against the weight of the evidence. Trial Court Opinion, 2/27/15, at 3. We find no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2015