David Eugene REESE, Appellant,

v.

UNITED STATES of America, Appellee.

George Washington ROBERTS, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 7875, 7876.

United States Court of Appeals Tenth Circuit.

Jan. 27, 1965.

Harry L. Hellerstein, Denver, Colo., for appellants.

LeRoy V. Amen, Asst. U. S. Atty., Cheyenne, Wyo. (Robert N. Chaffin, U. S. Atty., Cheyenne, Wyo., with him on the brief), for appellee.

Before PICKETT, HILL and SETH, Circuit Judges.

PICKETT, Circuit Judge.

The appellants, Reese and Roberts, were charged jointly with transporting a motor vehicle from Denver, Colorado to Rock Springs, Wyoming, knowing it to have been stolen, in violation of 18 U.S.C. § 2312. They appeal from a judgment and sentence imposed after conviction. The principal question presented here is the sufficiency of the evidence to sustain the conviction.

It is undisputed that the 1949 Chevrolet sedan, described in the information, was stolen in Denver, Colorado, sometime between 8:30 A.M. and 6:00 P.M. on January 14, 1964, and that Reese and Roberts were arrested with the automobile in their possession near Rock Springs, Wyoming on January 17, 1964. At the time of the arrest Reese was driving the car and Roberts was riding with him. It is also undisputed that when the vehicle was stolen there was attached to it Colorado 1963 license plates AJ 4826, and that at the time of arrest these plates had been changed to Colorado 1963 license LW 1468, which had been issued to a Mr. Crabtree of Wellington, Colorado. Reese had been employed by Crabtree's son a short time before and the license plates were on Crabtree's automobile prior to the time Reese was employed.

Early in the evening of January 17, 1964, a Wyoming highway patrolman received a report that an automobile had left a filling station at Rock Springs, Wyoming, without having paid for gasoline obtained. Shortly thereafter the patrolman intercepted an automobile driven by Reese which corresponded with the description furnished by the filling station attendant. Reese admitted that he had left the station without paying for the gasoline and offered to make payment with a check. He told the patrolman that the car was not stolen but belonged to a friend, and "we are heading for Nevada." Rock Springs police officers then appeared and took Reese and Roberts into custody. Both of them had been drinking intoxicating liquor. The following day each was sentenced to 30 days in jail for drunkenness and vagrancy.

When questioned concerning the ownership and possession of the automobile, Reese and Roberts told the same story.[1]

1. In his testimony Reese told of the trip from Pueblo to Rock Springs, Wyoming and the filling station incident, as follows:

"Q. After you talked to Mr. Herringer and bought the car what did you do? A. Had a few more drinks and made another Bar and headed from Pueblo to come up through here looking for work and thought maybe we might find a few days work.

"Q. Where did you spend the first night? A. Between Pueblo—we pulled off a dirt road and stayed all night. We got pretty sleepy.

"Q. Then where did you go? A. We came on into Fort Collins. LaPorte it was and came from LaPorte to Laramie and from Laramie to Rawlins and from there into Rock Springs.

"Q. What occurred in Rock Springs? A. We tried to get some gas. Pulled into a station. I thought he had money and he thought I had it to pay for gas

Reese stated that he had been working for a few days as a cement finisher for H. L. Snyder Construction Company in Pueblo, Colorado. He said that during the afternoon of January 13, 1964 he entered a Pueblo bar and for the first time became acquainted with Roberts. The two did considerable drinking together and decided to go to Nevada to look for work. That about 10:00 P.M. a third person joined them in the bar, whom Reese identified as Carl Herringer, who told Reese that he had an automobile he was willing to sell if they desired to drive to Nevada. After examining the automobile, Reese said that he agreed to purchase it for $50.00 cash and an additional $25.00 to be mailed later to Carl, General Delivery, Pueblo, Colorado.[2] Reese obtained no evidence of title or receipt for the $50.00. Reese said that immediately thereafter he and Roberts left Pueblo in the automobile. The route took them through northern Colorado into Wyoming. Roberts corroborated this statement, and each testified at the trial to the same effect.

▇▇▇ It is well established that a jury may infer from the possession of a recently stolen automobile in another state that the possessor of the vehicle knew that it was stolen and that he transported it in interstate commerce. Grandsinger v. United States, 10 Cir., 332 F.2d 80; Fitts v. United States, 10 Cir., 328 F.2d 844; Fitts v. United States, 10 Cir., 284 F.2d 108;[3] Seefeldt v. United States, 10 Cir., 183 F.2d 713. Cf. Real v. United States, 10 Cir., 326

F.2d 441. The evidence is adequate to sustain the verdict of the jury as to both Reese and Roberts. It is quite apparent from the record that Roberts was not a "hitchhiker" as he now contends. According to their own testimony, they were together prior to and at the time possession of the car was obtained, and continued to travel together for their joint benefit until taken into custody. The jury was not required to believe the rather fantastic story of the automobile purchase related by the appellants.

At the request of Reese and Roberts, the trial court appointed a competent attorney to represent them at the trial. Later an associate counsel was appointed and the two attorneys conducted the defense. It is now suggested that there should have been separate trials and an attorney appointed to represent each of the accused. We find nothing in the record which indicates that separate trials of counsel for each of the accused was necessary for a fair trial or that they were not well represented throughout by competent attorneys. Furthermore, no request was made for separate trials or for the designation of an attorney to represent each of the defendants.

It is contended that the instructions of the court were misleading. These instructions have been examined and are found to have fairly presented the case to the jury. Other assignments of error and objections are so lacking in merit that further discussion is unwarranted.

Affirmed.

---

and the station manager filled it up and come to find out neither one of us had any money. I tried to get the man to hold the spare tire and he wouldn't do that and they called the law and we drove off. And I was going to hock my tire and get money to pay it. Bill was three dollars."

2. A Carl Herringer, H. L. Snyder, or H. L. Snyder Construction Company could not be found in Pueblo.

3. In Fitts v. United States, 10 Cir., 284 F. 2d 108, 110–111, the court correctly instructed the jury that:

" * * * 'Possession in one state of property recently stolen in another state, if not satisfactorily explained, is a circumstance from which the jury might reasonably infer and find in the light of the surrounding circumstances that the person in possession not only knew it to be stolen property, but also transported it or caused it to be transported in interstate commerce.' * * * "