Commonwealth *v.* Henderson, Appellant.

Argued November 17, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John W. Packel,* Assistant Defender, with him *Jonathan Miller,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Louis A. Perez, Jr.,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, May 4, 1973:

The appellant, Michael Henderson, who was convicted in a nonjury trial of receiving stolen goods, contends that his demurrer to the prosecution's evidence should have been granted. We agree and reverse.

The prosecution's evidence established that sometime between July 7, 1970 and July 14, 1970, a 1963 Volkswagen was stolen in Philadelphia. On July 10, 1970, a license plate belonging to a different automobile was also reported stolen. About 7:30 p.m., on July 31, 1970, two and one-half to three weeks after the thefts, appellant was arrested when observed driving the stolen car with the stolen license plate. The appellant pulled over at an officer's request and produced his driver's license. The appellant did not have the owner's card. This constituted all of the evidence presented by the prosecution.

At the conclusion of the prosecution's case, the appellant's demurrer to the evidence was overruled. Appellant then took the stand and testified that he had

borrowed the car from a man named Richard approximately a half-hour to forty-five minutes prior to his arrest. The appellant, along with Carole Laws (his fiancee) and Richard, spent the entire day helping one Gloria Bearing (Carole Law's cousin) move from one apartment to another apartment in the same building at 5008 McKean Avenue. Richard was a friend of Gloria Bearing and had been invited by Bearing to assist her in moving, just as were the appellant and his fiancee. The moving operation began about 8:30 a.m., and lasted all day. When the moving was over, late in the day, Richard mentioned that he was going downstairs to visit someone else who lived in the same apartment building. The appellant asked Richard if he could borrow Richard's car for a short while because appellant had only a half-hour to forty-five minutes to pick up an anniversary gift for his fiancee's parents. Richard gave appellant the key to Richard's car and appellant, along with his fiancee, proceeded to the Cheltenham Shopping Center where they picked up the anniversary gift at Gimbels. They were returning when they were stopped by the police. Appellant first met Richard when the moving began at 8:30 a.m. When arrested, the appellant told the police the circumstances concerning his possession of the car. The appellant did not contradict any of the facts presented by the prosecution and the prosecution did not contradict any of the facts presented by the appellant.

The standard to be applied in ruling upon a demurrer is whether the evidence is sufficient to warrant the jury in finding the defendant guilty beyond a reasonable doubt. *Commonwealth v. Collins,* 436 Pa. 114, 259 A. 2d 160 (1969). The application of the standard requires a consideration of the reasonable inferences which the jury may make from the prosecution's evidence. These inferences must establish all elements of the crime charged.

The crime of receiving stolen goods requires proof that the appellant knew that the property possessed was stolen. Such knowledge on the part of the appellant is an essential element of the crime, in addition to the elements of appellant's possession of the property and the theft of the property prior to appellant's possession.

The element of appellant's guilty knowledge may be established by direct evidence of knowledge or by circumstantial evidence from which it can be inferred that appellant had *reasonable cause to know* that the property was stolen. If from the circumstantial evidence, it can be inferred that the appellant had reasonable cause to know, a final inference can reasonably be made that he in fact *knew* that the property was stolen. It is difficult to enumerate every circumstance that would warrant a conclusion that the appellant had reason to know the property was stolen. Some of the significant circumstances can be the appellant's conduct; the appellant's relationship to the victim; the elapsed time between the appellant's possession and the theft; the situs of the theft and the situs of the possession; the kind of property; the quantity of the property; and the identifying characteristics of the property. See *Turner v. United States*, 396 U.S. 398, 24 L. Ed. 2d 610, 90 S. Ct. 642 (1970); *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A. 2d 727 (1972); *Commonwealth v. Owens*, 441 Pa. 318, 271 A. 2d 230 (1970).

Any or all of the above circumstances, and others not enumerated, taken sometimes alone and sometimes in relation to each other, may give rise to the final necessary inference that the appellant knew that the property possessed was stolen property.

In *Commonwealth v. Owens*, 441 Pa. 318, 271 A. 2d 230 (1970), although it was established that the defendant had possession of stolen property we held that the circumstances (other than defendant's possession of

stolen property), could not sufficiently support the inference necessary for conviction. In *Owens*, the kind of property was a gun and possession of the gun by the defendant occurred nineteen days after the theft. The opposite conclusion was reached in *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A. 2d 727 (1972). We held there that the circumstances (other than the defendant's possession of stolen property) would sufficiently support the necessary inferences from which guilt could be concluded beyond a reasonable doubt. In that case, the defendant was in possession less than twenty-four hours after the theft, the kind of property was jewelry which was clearly marked with the names and initials of other individuals, the defendant gave the police a false name when confronted and there was an attempt by one of defendant's co-felons to hide the jewelry. These circumstances we held, were adequate to support the necessary inference that the defendant *knew or had reason to know* that the property he possessed was stolen.

The significance of *Owens* and *Shaffer* is that possession of stolen property in and of itself is not sufficient evidence from which a factfinder may conclude guilt beyond a reasonable doubt. Possession alone of the stolen property without a weighing of the other circumstances requires guessing or speculation as to the defendant's knowledge that the property was stolen. If possession of the stolen property, without a consideration of any of the other circumstances, were sufficient for conviction, an innocent purchaser of stolen property could be convicted by possession alone.

In this case, the appellee's evidence, other than establishing that the appellant was in possession of stolen property, contained very few facts about *other circumstances*. The kind of property was established—a car and a license plate. The time of possession was two

and a half to three weeks after the theft. There is very little else to support an inference that the defendant had reason to know or knew that the car and plate were stolen. Cf. *Commonwealth v. Wright*, 449 Pa. 358, 296 A. 2d 746 (1972). We think this case is controlled by our decision in *Owens*. The only significant difference is that in *Owens* the *kind of property* was a gun and in this case the *kind of* property is a car and license plate. We pointed out in *Owens* that there are many ways by which a person can come into possession of a gun—some of the ways involve innocence on the part of the possessor of the gun. The same is true of a car. The possession of an automobile which does not belong to the driver is not so strange, unusual, or unique that it points to guilty knowledge as more likely than innocent knowledge on the part of the driver. The borrowing or leasing of an automobile for temporary use is not an uncommon occurrence. If every person possessing an automobile which they did not own would be held accountable as having knowledge that the automobile was stolen, every person who borrowed a car would be in peril of a conviction for receiving stolen property.

None of the cases cited by the appellee involved a conviction solely on the evidence that the defendant possessed stolen property. In *United States v. Polk*, 433 F. 2d 644 (5th Cir. 1970) there were circumstances established other than possession of stolen property. The defendants in that case had used false names, false addresses and a false place of employment. There was evidence that the alleged transferors of the automobile to the defendants were fictitious. In *McAbee v. United States*, 434 F. 2d 361 (9th Cir. 1970), the Court specifically pointed out that there was evidence other than the defendant's possession of the stolen property. The defendant in that case had been employed at the ranch

of the robbery victims and could have recognized the property involved as being stolen. See *United States v. Johnson*, 433 F. 2d 1160 (D.C. Cir. 1970); *United States v. Nasse*, 432 F. 2d 1293 (7th Cir. 1970); *United States v. Thompson*, 422 F. 2d 1104 (6th Cir. 1970); *Kowalewski v. United States*, 418 F. 2d 118 (9th Cir. 1969); *Sewell v. United States*, 406 F. 2d 1289 (8th Cir. 1969); *Holden v. United States*, 393 F. 2d 276 (1st Cir. 1968); *Reese v. United States*, 341 F. 2d 90 (10th Cir. 1965); *United States v. McCurry*, 248 F. 2d 116 (3d Cir. 1957).

In this case the appellee had the burden of establishing *sufficient circumstances*, other than the possession of stolen property by the appellant, to support the necessary element of appellant's guilty knowledge. This they failed to do. The appellant's demurrer should have been granted.

The order of the Superior Court and the judgment of sentence imposed by the trial court are reversed and the defendant is ordered discharged.

Mr. Justice EAGEN, Mr. Justice O'BRIEN and Mr. Justice POMEROY concur in the result.

Mr. Chief Justice JONES dissents.