Commonwealth *v.* Williams, Appellant.

Submitted December 2, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Paul Messing, Andrea Commaker Levin,* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Glenn S. Gitomer, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

Opinion by Price, J., March 31, 1975:

Appellant, following a non-jury trial on May 23, 1974, was convicted of theft by receiving stolen property.[1] Timely post-trial motions were filed and denied, and he was sentenced to a period of probation for five years. The only issue raised in this appeal is whether there was sufficient evidence to indicate that appellant knew the property possessed was stolen and to support the conviction of receiving stolen goods. We do not find sufficient evidence and, therefore, reverse the conviction and discharge the appellant.

The record indicates that Thomas Crawford parked his 1972 Ford LTD, with a temporary license, in a parking garage in Philadelphia on August 30, 1973. When he returned the next afternoon, the automobile was not in the garage. Mr. Crawford identified his automobile on September 11, 1973, after it had been recovered by the police. During the period the automobile had been missing, it had sustained some damage: a burn on the right front seat, wires pulled from underneath the dashboard, loose knobs on the radio, loose radio, damage to the front and rear bumpers. The automobile was also generally very dirty.

Police Officer Richard Unterkoefler observed appellant operating the stolen automobile on September 11, 1973, and pulled him over for investigation. The appellant did

---

1.  18 Pa. C.S. §3925, added by Act of December 6, 1972, P.L. 1482, No. 334, §1, provides: "(a) Offense defined.—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner. (b) Definition.—As used in this section the word 'receiving' means acquiring possession, control or title, or lending on the security of the property."

The record clearly indicates that the property was stolen and appellant was in possession of stolen property; the only element at issue is appellant's guilty knowledge.

not produce an operator's license or registration card. Investigation revealed that both the automobile and the affixed license plate (permanent) were stolen.[2]

The manager of the chain of parking lots, which included the garage where Mr. Crawford had left his automobile on August 30, 1973, testified that the appellant had not been employed by his organization.

At the end of the Commonwealth's evidence, the defense rested and offered no testimony. Appellant was found guilty of theft by receiving stolen property. This appeal followed.

In this appeal, appellant argues that the offense of receiving stolen property cannot be established absent proof of something more than mere possession. Appellant relies primarily on *Commonwealth v. Henderson,* 451 Pa. 452, 304 A.2d 154 (1973), wherein the defendant was found in possession of an automobile that had been stolen two and one-half weeks earlier. The vehicle also displayed license plates which had been stolen in an unrelated theft. Furthermore, the defendant did not have the owner's card. On the basis of this evidence, the Pennsylvania Supreme Court reversed the defendant's conviction, stating: "Possession alone of the stolen property without a weighing of the other circumstances requires guessing or speculation as to the defendant's knowledge that the property was stolen. If possession of the stolen property, without a consideration of any of the other circumstances, were sufficient for conviction, an innocent purchaser of stolen property could be convicted by possession alone." 451 Pa. at 456, 304 A.2d at 157.

The Supreme Court further stated that some of the "other circumstances" to be weighed are: "[T]he appellant's conduct; the appellant's relationship to the victim; the elapsed time between the appellant's possession and the theft; the situs of the theft and the situs of the pos-

---

2. Appellant was discharged at the preliminary hearing on the charge of license plate theft.

session; the kind of property; the quantity of the property; and the identifying characteristics of the property. See *Turner v. United States*, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970) ; *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727 (1972) ; *Commonwealth v. Owens*, 441 Pa. 318, 271 A.2d 230 (1970)." 451 Pa. at 455, 304 A.2d at 156.

Thus, to establish appellant's knowledge that the automobile was stolen, the Commonwealth must produce direct evidence of knowledge or "circumstantial evidence from which it can be inferred that appellant had *reasonable cause to know* that the property was stolen." 451 Pa. at 455, 304 A.2d at 156.

We find that the instant appeal is controlled by *Commonwealth v. Henderson, supra.* After a weighing of the "other circumstances" present in this appeal, we find insufficient evidence to support the necessary element of appellant's guilty knowledge. *Cf. Commonwealth v. Blevins*, 453 Pa. 481, 309 A.2d 421 (1973). There was no testimony that the appellant's conduct at the time of arrest was anything less than full co-operation with the police. It is also evident that appellant had no relationship with the automobile's owner. See *McAbee v. United States*, 434 F.2d 361 (9th Cir. 1970) (defendant employed at the ranch of the robbery victims and could have recognized the property as stolen). The stolen automobile was recovered two weeks after its theft, and its physical condition at that time was not necessarily indicative that it was stolen. In addition, the owner's own key was still in the ignition, and there were no visible signs that the ignition system or any of the locks had been disturbed. And, as found in *Henderson,* the appellant produced no registration card. Finally, as the *Henderson* court pointed out, an automobile is the type of property that commonly passes through many hands and "[t]he possession of an automobile which does not belong to the driver is not so strange, unusual, or unique that it points to guilty knowl-

edge as more likely than innocent knowledge on the part of the driver." 451 Pa. at 457, 304 A.2d at 157.

In view of the lack of sufficient "other circumstances," the Commonwealth has failed to show that the appellant did not merely borrow or purchase a vehicle that turned out to be stolen, and has not established appellant's guilty knowledge beyond a reasonable doubt.

Judgment of sentence reversed and appellant discharged.

JACOBS, J., dissents on the basis of his concurring opinion in *Commonwealth v. Henderson,* 219 Pa. Superior Ct. 454, 281 A.2d 777 (1971).

VAN DER VOORT, J., dissents.