387 A.2d 98

COMMONWEALTH of Pennsylvania

v.

John WARD, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 23, 1977.

Decided May 23, 1978.

Lester G. Nauhaus and Stephen P. Swem, Assistant Public Defenders, Pittsburgh, for appellant.

378

Robert L. Eberhardt, Assistant District Attorney, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant was found guilty by a jury of receiving stolen goods[1] specifically four credit cards. He alleges the following errors on appeal:

(1) The credit cards, and testimony pertaining thereto, were improperly admitted into evidence because they were obtained as a direct result of an unlawful confession;

(2) Prejudicial references to appellant's prior criminal record were admitted into evidence; and

(3) The evidence was not sufficient to convict appellant.

Defendant was arrested on an arrest warrant for another charge in a bar where he had been drinking for several hours. He was not wearing a coat at the time of his arrest. The arresting officers asked about his coat and he pointed to the table next and directly behind him, within arm's length from where he had been seated. The coat was draped over a chair. The police then secured a brown corduroy coat and told him to put it on. He put the coat on and he was then led from the bar. Four credit cards were found in the pocket of that coat while the officers were making a routine pat down search; and thereafter, it was discovered that they had been stolen.

Appellant's first argument is that the arrest warrant was issued as a result of a confession which defendant had

1. Act of December 6, 1972, P.L. 1482, No. 334 § 1; 18 C.P.S.A. § 3925 (1973).

been forced to make in violation of his rights, and therefore, under the Poison Tree Doctrine, it was invalid, rendering any evidence secured thereby inadmissible against him. The legality of the initial interrogation of the appellant by police officers was resolved at a suppression hearing. *Miranda* warnings had been given to the appellant, and until the time the officers delivered the warnings, their attention had not become focused on appellant, as a suspect, to render the warnings ineffective thereby justifying the suppression of statements made. *See Commonwealth v. Simala,* 434 Pa. 219, 252 A.2d 575 (1969).

■ Appellant further argues that prejudicial statements referring to appellant's prior criminal record were admitted into evidence. However, after a review of the questionable statements, we find that they fail to meet the standards of prejudice stated in *Commonwealth v. Bonnano,* 216 Pa.Super. 201, 263 A.2d 913 (1970), and *Commonwealth v. DeCampli,* 243 Pa.Super. 69, 364 A.2d 454 (1976).

■ The final issue is whether the evidence is sufficient to support the verdict. Appellant argues that there is no proof he owned the coat in which the cards were found, or that he knew the cards were stolen. He claims he never owned a brown corduroy coat, and always wore a blue and white one. He offered to show by two witnesses that he was never seen except in this particular blue and white coat, however, this offer was refused. Appellant also testified that when the officers asked him where his coat was, he pointed to one hanging on a rack about ten feet from the table, and not to the coat on the chair next to him wherein the stolen cards were found. There is evidence that appellant had been in the bar for a period of three hours, and while not intoxicated, he had been drinking vodka and beer.

The police officer testified that in the coat he also found a social security card in the name of John L. Stewart, but no testimony was offered as to the identity of Mr. Stewart or

his connection with the coat. This same officer, at one point, denied that the coat in the courtroom was the one found in the bar at the time of the arrest.

The burden is on the Commonwealth to prove ownership, and since the cards were found in a jacket that appellant was not wearing at the time of his arrest, this element is most important.

The burden is also with the Commonwealth to prove that the defendant intentionally received the property in question with knowledge that it had been stolen. While the element of guilty knowledge may be established by direct or circumstantial evidence, the fact that an accused possesses stolen property is not by itself sufficient to establish the requisite guilty knowledge. *Commonwealth v. Simmons,* 233 Pa.Super. 547, 336 A.2d 624 (1975). Nor is the Commonwealth's position enhanced by the fact that possession of the stolen goods was "unexplained." *Commonwealth v. Owens,* 441 Pa. 318, 271 A.2d 230, 233 (1970). There must be sufficient evidence from which a fact finder may conclude beyond a reasonable doubt that Appellant must have known that the goods possessed were stolen. *Commonwealth v. Henderson,* 451 Pa. 452, 304 A.2d 154 (1973).

The Commonwealth has failed to meet its burden either to prove appellant's ownership of the coat and possession of the cards, or any knowledge on the part of appellant that he was in possession of stolen property.

The judgment of sentence is reversed and the appellant discharged.

VAN der VOORT, J., dissents and would grant a new trial.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.