425 A.2d 795

**COMMONWEALTH of Pennsylvania**

v.

**Wayne WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed Feb. 6, 1981.

---

[2]. The other issues which appellant raises are either waived for failure to raise them below or without merit.

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

The lower court, sitting without a jury, found appellant guilty of theft by receiving stolen property,[1] and unauthorized use of an automobile;[2] post verdict motions were denied and appellant was sentenced to three years probation.

Appellant here appeals the judgment of sentence raising three issues.

1) Whether the evidence was insufficient as a matter of law to sustain the convictions;

2) Whether the record adequately establishes that appellant waived his right to a trial before a jury "knowingly and intelligently"; and

3) Whether defense counsel was ineffective in failing to assert in post verdict motions the claimed deficiency of the jury waiver colloquy.

The Commonwealth's case consisted of the following: On June 24, 1978, a 1978 Datsun 280Z automobile was reported stolen. On July 11, 1978, the above mentioned Datsun, allegedly driven by appellant, pulled alongside a parked police vehicle and asked the officers for traffic directions. Appellant drove away in the general direction given him by the officers. One of the police officers subsequently determined that the Datsun was on the "hot sheet". The police proceeded to follow the Datsun but were unable to maintain it in sight. Appellant and his brother were later arrested as they walked in the general vicinity where the police lost sight of the car. The Datsun automobile was found parked about two blocks from the place of the arrest. The owner of the Datsun testified that the first time he saw his car since it was stolen was on July 11, 1978 when it was parked at the police station. He further testified that he did not know the appellant and had not given him permission to use the car.

At trial, counsel for appellant made an oral demurrer to the Commonwealth's case. The court denied the demurrer

1.  18 Pa.C.S.A. § 3925.

2.  18 Pa.C.S.A. § 3928.

without hearing any arguments on it. Appellant offered no evidence except a stipulation as to the height of the Datsun.[3]

The appellant's post verdict motions argued that the Commonwealth presented insufficient evidence to prove that appellant knew or had reason to know that the automobile he was driving was stolen.

The lower court's opinion recognizes that the Commonwealth has the burden of proving, as an element of the crimes here charged, that appellant knew or believed that the property was stolen; but that such guilty knowledge can be inferred from underlying circumstantial evidence is sufficiently strong to support the inference beyond a reasonable doubt. *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727 (1972). Relying on *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976), the lower court placed emphasis on the failure of defendant to explain his possession of a vehicle stolen only eighteen days earlier.

*Williams*, supra, (1976) reversed our decision in *Commonwealth v. Williams*, 233 Pa.Super. 449, 336 A.2d 411 (1975). We had reversed the lower court's non-jury conviction of a defendant for receiving stolen property, specifically an automobile, in circumstances broadly similar to the facts of our present case.

In the *Williams* case, an automobile had been stolen and twelve days later a police officer observed the defendant parked in the car; noted the license number on a "hot sheet"; turned the police car around to approach the parked car; followed it as it drove away, passing other cars, and cutting through a gas station lot, where defendant was forced to stop because of traffic and was apprehended.

In our court Judge Price, speaking for the majority, reversed the conviction, concluding that the case was controlled by *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973).

---

**3.** Presumably relevant to the police officers ability to identify the appellant while they were seated in their own vehicle.

The Supreme Court, with one dissent, reversed. Mr. Justice Eagen's Opinion held that the facts in *Williams* differed materially from those in *Henderson* and that the accumulation of circumstances (relatively "recent" possession of the stolen car; evidence in the car of an attempt to remove the radio; absence of any explanation for defendant's possession; defendant's flight through a gas station while being pursued) supported a finding of guilty knowledge by the fact-finder. Justice Eagen then went on to say that "the appellate court may not reverse unless after considering the evidence, it believes a juror, or judge, acting in a reasonable and natural manner, could not have been convinced beyond a reasonable doubt." 468 Pa. at 368, 362 A.2d 244.

Since the *Williams* case, our Court has reversed lower court convictions in:

*Commonwealth v. Caesar*, 245 Pa.Super. 157, 369 A.2d 341 (1976), (Motor Vehicle);

*Commonwealth v. Kinsey*, 249 Pa.Super. 1, 375 A.2d 727 (1977), (Hand cart and items from garage); and

*Commonwealth v. Ward*, 255 Pa.Super. 377, 387 A.2d 98 (1978), (Credit cards).

We held in each of the above cases that the circumstantial evidence presented by the Commonwealth could not reasonably supply the inference of guilty knowledge.

In *Commonwealth v. Phillips*, 258 Pa.Super. 109, 392 A.2d 708 (1978), we sustained a conviction of receiving a stolen motorbike, on proof that the owner neither knew appellant nor gave him permission; that the theft was "recent" possession a week after the theft; that the bike had been repainted and the serial number marred; that appellant's explanation of his possession was incredible;[4] and that he attempted to flee from the arresting officer.

---

**4.** Appellant claimed he borrowed the bike from a friend. The friend went to the police station a week after the bike had been confiscated, to reclaim it as his, he presented a hand written receipt for the bike's purchase. When informed such receipt was insufficient he discarded the receipt in a nearby wastebasket.

■ In the present case, apart from the fact of possession of the stolen vehicle, which has generally been held insufficient in itself to demonstrate guilty knowledge, the circumstantial evidence is insufficient to support a reasonable inference of guilty knowledge required for a conviction. On the contrary, assuming appellant was the driver of the stolen car, he stopped and asked the police for directions. Normally, a person in possession of a stolen vehicle does not stop to ask the police for directions.

Similarly, the Commonwealth failed to meet its burden of providing unauthorized use. The prosecution failed to show that appellant either knew the car was stolen or knew that he did not have the owner's permission to operate it. See *Caesar*,[5] *supra*.

We therefore hold that the conviction and sentence must be reversed, and appellant ordered discharged.

The appellant's other arguments need not be considered here.

Judgment reversed.

SPAETH, J., concurs in the result.

---

5. *Caesar* also dealt with both receiving stolen property and unauthorized use.