436 A.2d 232

**COMMONWEALTH of Pennsylvania**

v.

**Stanley STOVER, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 11, 1980.

Filed Oct. 23, 1981.

Salvatore F. Panepinto, Charleroi, for appellant.

Patrick H. Mahady, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before HESTER, BROSKY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

On August 7, 1978, a Cadillac Coupe de Ville, owned by one Terlecki, was stolen from the Monroeville Mall in Allegheny County. On September 13, 1978, five weeks and two days later, the vehicle was observed by a police officer in front of appellant's place of business, an auto repair shop, on River Street, Monesson, Westmoreland County. Because the vehicle created an obstruction to traffic the officer ordered appellant to move it. An argument ensued and appellant was arrested for disorderly conduct and ordered by the officer to come to the Police Station. Appellant then said:

"You want my vehicle moved, is that right? How about if I drive it to the station? This way I'll have the vehicle moved and then you'll have me in custody at the same time." (N.T. p. 24)

The officer agreed and appellant drove the car to the police station.

On September 26, 1978, a second officer observed the same Cadillac parked on 6th Street in Monesson, which was neither in the vicinity of appellant's home or his place of business. The vehicle was parked illegally, so the officer had the car impounded. Thereafter the car was determined to be stolen. Appellant was arrested on charges of Unauthorized Use of a Motor Vehicle,[1] and Receiving Stolen Property.[2]

The case was heard by the lower court sitting with a jury. Testimony was presented that the vehicle bore, both on September 13 and 26, 1978, a license plate reading 733–38Z. However, no evidence was presented as to whom such plate was registered. The owner of the vehicle stated that at the time the car was stolen the license plate on the car was F–66–132. He further testified that he had not given appellant permission to drive the car. Appellant did not testify. At the end of the testimony, the judge dismissed the charge of unauthorized use. The charge of receiving stolen property was submitted to the jury which returned a verdict of guilty. Post trial motions were denied and appellant was sentenced. This appeal followed.

Appellant's sole contention raised before this court is that the Commonwealth failed to present sufficient evidence to prove his guilt beyond a reasonable doubt. In particular, appellant argues that the prosecution did not show that he received and retained the automobile in question; or that he knew the automobile to be stolen.

The trial court's opinion recognizes that there is involved in this case a "troublesome issue wrestled with by our

1. 18 Pa.S.C. § 3928.

2. 18 Pa.S.C. § 3925.

Supreme Court" in *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973) and *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976). Specifically, that issue is whether there was presented in this case sufficient evidence to submit to the jury the question of whether appellant, in possession of the stolen car on September 13, 1978, and referring to it as "my vehicle", knew or should have known at that time that the car was stolen.[3] The court then draws a comparison with *Williams*, supra in that appellant, like Williams, offered no evidence to explain how he came into possession of the car, and concluded that *Williams* supported an "inference of guilty knowledge on the defendant".

Paraphrasing *Williams*, 468 Pa. 357, at 365, 362 A.2d 244, 247 "a permissible inference of guilty knowledge may be drawn from the unexplained possession of recently stolen goods . . . as well as from other circumstances, such as the accused conduct at the time of arrest." The possession here was not very "recent", 37 days after the car was stolen, compared to 12 days in *Williams*. Additionally, in *Williams* the accused made a clear effort to avoid apprehension. In the present case there was no comparable testimony; in fact, while appellant may have been disorderly on September 13, 1978, he nonetheless volunteered to drive the car to the police station. Compare, *Commonwealth v. Williams*, 284 Pa.Super. 244, 425 A.2d 795 (1981) (defendant asked police for directions).

*Commonwealth v. Bailey*, 250 Pa.Super. 402, 378 A.2d 998 (1977), cited by the Commonwealth presents an unusual set of circumstances, not analogous to the facts of the present case.[4] In *Commonwealth v. Murray*, 246 Pa.Super. 422, 371

---

**3.** There appears to be no evidence in the case to tie appellant into the possession of the car on September 26, 1978, when police found it parked improperly and impounded it.

**4.** In *Bailey*, the defendant was charged with RSP, involving wire stolen from a telephone company. Some of the wire had been stolen a month prior to the defendant's possession, some two months earlier. The court found the unexplained possession of wire, which the manufacturer only sold to the phone company, which then sold it to a scrap dealer at the end of its useful life, sufficient evidence for a

A.2d 910 (1977), the accused's possession of the stolen car was about 3½ hours after the theft was discovered; the car was being driven without an ignition key, with the ignition wires "pulled down"; and the defendant attempted to flee from police officers. The conviction was affirmed. In *Commonwealth v. Phillips*, 258 Pa.Super. 109, 392 A.2d 708 (1978), the vehicle was a motorbike stolen a week before it was found in the accused's possession; and the bike had been repainted and the serial number marred. The evidence was found sufficient.

The present case resembles *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973), reversing our decision at 219 Pa.Super. 454, 281 A.2d 777, on the ground that the evidence was insufficient as a matter of law to sustain a conviction. The accused in *Henderson*, was found in possession of a car stolen 2½ to 3 weeks after its theft, and the car bore a stolen license plate. Henderson was arrested when observed driving the stolen car with the stolen license plate. He pulled over at an officer's request. The appellant testified that he had borrowed the car a short time earlier. Our Supreme Court held that the evidence would not support the inference that the defendant knowingly possessed stolen property. In *Commonwealth v. Grant*, 235 Pa.Super. 357, 341 A.2d 511 (1975), we reversed a sentence for receiving stolen goods, although we sustained a conviction for unauthorized use of a vehicle, where the car was stolen 17 days earlier and the accused was driving it without an owner's card. He claimed he borrowed the car from a friend.

Similarly here, we find the evidence insufficient to support a finding that appellant knew or should have known the car was stolen.

Judgment of sentence is reversed and appellant is ordered discharged.

conviction. The wire had no other use. Similarly, in *Commonwealth v. Walters*, 250 Pa.Super. 446, 378 A.2d 1232 (1977), the court found possession six days after the theft of items too bulky to have passed through the channels of commerce so quickly, sufficient to support a conviction. The court also noted that the defendant had hurriedly left home upon being informed that the police were looking for him.

BROSKY, J., files a concurring opinion.

HESTER, J., files a dissenting statement.

BROSKY, Judge, concurring:

I concur in the result reached by the majority, because of our Supreme Court's decision in *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973). However, I wish to comment upon a significant factual difference between *Henderson* and the instant case. In *Henderson*, it was held that the evidence presented was insufficient to sustain appellant's conviction for receiving stolen property. The court found in that case that other than showing possession of the car by appellant, the Commonwealth had produced little else to support an inference that the defendant had reason to know or knew that the car was stolen. Possession, itself, the court held, without a consideration of other circumstances, is insufficient for conviction. Some of these other circumstances, as set forth by the court in *Henderson*, are:

> [t]he appellant's conduct, the appellant's relationship to the victim; the elapsed time between the appellant's possession and the theft; the situs of the theft and the situs of the possession; the kind of property; the quantity of the property; and the identifying characteristics of the property. (Emphasis added.)

*Commonwealth v. Henderson*, supra, 451 Pa. at 455, 304 A.2d at 156.

In *Henderson*, appellant took the stand and testified that he had borrowed the car from a man identified named Richard, who had met appellant that day while the two of them were helping a mutual acquaintance move from one apartment to another. Appellant testified that he had asked Richard if he could borrow his car for a short time in order to make a quick trip to a shopping center to purchase an anniversary gift. The court noted that appellant did not contradict any of the facts presented by the prosecution and the prosecution did not contradict any of the facts presented by appellant.

Similarly, in *Commonwealth v. Grant*, 235 Pa.Super. 357, 341 A.2d 511 (1975), appellant who was arrested while driving the car alleged to have been stolen, explained to the police that he did not have the owner's card because the car belonged to a friend. Appellant testified on his own behalf, and produced a witness who corroborated his testimony. The Commonwealth did not offer any rebuttal.

Here, appellant did not take the stand. No explanation was offered at any time by him as to how he came to possess the vehicle in question. The police found the vehicle in front of appellant's repair garage, where it was blocking traffic, and requested that appellant move the vehicle. Appellant refused, and an argument ensued, resulting in appellant's arrest for disorderly conduct. Thereafter, appellant asked, "You want my vehicle moved, is that right? How about if I drive it to the station?. . ."

If it truly were appellant's vehicle, appellant would have been able to show proof of ownership. He could not do so, however, since in fact the car belonged to someone else. Therefore, appellant's statement, "You want *my* vehicle moved?" indicates that appellant wanted to give police the impression that the vehicle belonged to him when in fact he knew or should have known that it did not, since he did not have an owner's card for it. Since appellant made no other statement in relation to the car, but did initially resist the officers' request to move the car, it may be inferred that appellant knew or had reasonable cause to know that the car was stolen.

While it is beyond doubt that an accused does not have to take the stand, and that no adverse inferences may be drawn here from appellant's decision not to testify in his own behalf, appellant's conduct, in offering no explanation of his possession of the car, is nonetheless significant here, since a reasonable inference that appellant knew or had reasonable cause to know that the car was stolen could be drawn therefrom.

However, because of our Supreme Court's decision in *Commonwealth v. Henderson*, supra, I must concur in the

result reached by the majority here, since the Commonwealth's evidence was not sufficiently strong so as to support the inference beyond a reasonable doubt.

HESTER, Judge, dissenting:

I dissent. I would affirm on the Opinion of Judge Hudock of the court below.