J-S17026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRICK SMITH | : | |
| | : | No. 500 EDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence February 2, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009467-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 13, 2018**

Derrick Smith appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he was convicted, in a nonjury trial, of theft by unlawful taking,[1] theft by deception,[2] and receiving stolen property.[3]  Upon careful review, we affirm.

The trial court set forth the facts of this matter as follows:

On September 25, 2016, at about 4:00 p.m., Ms. Swainetta Bowens, her son, a friend of her son's, and her sister went to Lincoln Financial Field in Philadelphia where [the] Philadelphia Eagles [were] scheduled to play a football game that day.  Ms. Bowens and the others did not have tickets to the game and just planned to walk around the stadium area.  As they were doing so, [Smith] asked Ms. Bowens if she and the others were looking for

---

[1] 18 Pa.C.S.A. § 3921.

[2] 18 Pa.C.S.A. § 3922.

[3] 18 Pa.C.S.A. § 3925.

tickets and Ms. Brown answered affirmatively[,] at which time [Smith] said he had tickets for sale. Ms. Bowens then purchased two tickets from [Smith] for $300.00, which Ms. Bowens gave to her son and his friend.

Subsequent thereto, [Ms. Bowens'] son and his friend returned to Ms. Bowens and she immediately flagged down a police officer to whom she pointed out [Smith] because her son and his friend were denied admission into the stadium after the tickets were scanned.[4] According to Ms. Bowens' son[,] he and his friend were denied entry into the stadium because the tickets were deemed either to have been scanned already or were duplicate tickets. Ms. Bowen indicated that when she purchased the tickets, [Smith] told her that he would be in the same location and would reimburse her if there were any problems with the tickets.[2]

> [2]Ms. Bowen's son testified that when the tickets were purchased[,] [Smith] did say that he would remain in the same location but disagreed with his mother's testimony that [Smith] stated that he would reimburse his mother if the tickets were rejected.

[Smith] testified in his own defense and stated that he sold tickets at the stadium for a living. He further stated that he bought five tickets for $575.00 (two of which he sold to Ms. Bowens) and that he told Ms. Bowens that he did not know if they were genuine and that he would reimburse Ms. Bowens if they were unusable. He also testified that he gave Ms. Bowens a business card that contained his name, phone number, and email address.

Trial Court Opinion, 5/18/17, at 2-3.

After a waiver trial, Smith was convicted of the above charges, plus one count of forgery. The trial court sentenced Smith to 11½ to 23 months' incarceration, with immediate parole, for forgery, followed by 3 years' probation for theft by deception. The court imposed no further penalty on the

---

[4] Ms. Bowen testified that, while she was waiting to find out from her son if the tickets were valid, she noticed that the police had apprehended Smith for selling other tickets. She then approached the officers and advised them that she, too, had purchased tickets from Smith.

remaining charges. Smith filed post-sentence motions, after which the trial court arrested judgment as to the forgery charge. Upon resentencing on February 2, 2017, the court imposed a sentence of 11 ½ to 23 months' incarceration, followed by 3 years' probation, on the theft by deception charge, with no further penalty on the remaining counts. Smith filed a timely notice of appeal on February 6, 2017, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Smith raises the following issue for our review:

Was not the evidence insufficient to prove that [Smith] had the requisite criminal intent to sustain his convictions for theft, theft by deception and receiving stolen property where [Smith] resold football tickets to the complainant just prior to the game in front of the stadium, [Smith] assured the complainant that if there were any problems with the tickets she should return to him for a full refund, [Smith] provided the complainant with his business card, which included his email address and telephone number, and [Smith] remained in place seeking to sell other tickets?

Brief of Appellant, at 3.

We begin by noting our well-settled standard of review of sufficiency claims:

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Widmer**, [] 744 A.2d 745, 751 ([Pa.] 2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." **Commonwealth v. Brewer**, 876 A.2d 1029, 1032 (Pa. Super. 2005). Nevertheless, "the Commonwealth need not establish guilt to a mathematical certainty." **Id.**; **see also Commonwealth v.**

> *Aguado*, 760 A.2d 1181, 1185 (Pa. Super. 2000) ("[T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence[.]"). Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *See Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa. Super. 2001).
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. *See Brewer*, 876 A.2d at 1032. Accordingly, "[t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence." *Id.* (quoting *Commonwealth v. Murphy*, 795 A.2d 1025, 1038–39 (Pa. Super. 2002)). Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld. *See Brewer*, 876 A.2d at 1032.

*Commonwealth v. Franklin*, 69 A.3d 719, 722–23 (Pa. Super. 2013), quoting *Commonwealth v. Pettyjohn*, 64 A.3d 1072, 1074-75 (Pa. Super. 2013). The Commonwealth may prove specific intent through purely circumstantial evidence. *Commonwealth v. Haney*, 131 A.3d 24, 36 (Pa. 2015). Finally, the fact finder is not bound by an actor's stated intention, but may find that he intended the natural and probable consequences of his act. *Commonwealth v. Little*, 614 A.2d 1146, 1154 (Pa. Super. 1992).

Smith was convicted of theft by unlawful taking, theft by deception and receiving stolen property. A person is guilty of theft by unlawful taking where "he unlawfully takes, or exercises unlawful control over, movable property of

another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). A person commits theft by deception when "intentionally obtains or withholds property of another by deception." 18 Pa.C.S.A. 3922(a). Deception occurs where a person intentionally "creates or reinforces a false impression." 18 Pa.C.S.A. § 3922(a)(1). Finally, a person is guilty of receiving stolen property where he "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a).

Smith argues that he did not possess the requisite intent for any of the three crimes of which he was convicted because he: (1) told the complainant he would remain in the area and would refund her money if there were any problems with the tickets, and (2) gave the complainant his business card, which contained his telephone number and email address. Smith relies on this Court's decision in **Commonwealth v. Williams**, 425 A.2d 795 (Pa. Super. 1981), *disapproved of on other grounds by* **Commonwealth v. Hogan**, 468 A.2d 493 (Pa. Super. 1983), to support his argument. In **Williams**, the defendant pulled up alongside a police cruiser and asked the officers for directions. After Williams pulled away, one of the officers discovered that the car he was driving was listed as stolen. At trial, the car's owner testified that he did not know Williams and had not given him permission to use the car. Williams was convicted in a nonjury trial of receiving stolen property and unauthorized use of an automobile. In its

opinion, the trial court stated that, in rendering a guilty verdict, it had "placed emphasis on the failure of defendant to explain his possession of a vehicle stolen only eighteen days earlier." *Williams*, 425 A.2d at 796.

> On appeal, this Court reversed Williams' convictions, reasoning that,
>
> apart from the fact of possession of the stolen vehicle, which has generally been held insufficient in itself to demonstrate guilty knowledge, the circumstantial evidence is insufficient to support a reasonable inference of guilty knowledge required for a conviction. On the contrary, assuming appellant was the driver of the stolen car, he stopped and asked the police for directions. *Normally, a person in possession of a stolen vehicle does not stop to ask the police for directions*.

*Id.* at 797 (emphasis added).

Smith analogizes the circumstances of his case to *Williams*, asserting that, if he had known the tickets were fraudulent, he would not have remained in the area, offered a refund, or provided his business card to the complainant. In other words, he did not act like a guilty person. Rather, Smith argues, "an equally or more reasonable interpretation [of those facts] is that [Smith] sold the tickets in good faith." Brief of Appellant, at 13. The matter at hand is distinguishable from *Williams* and, as such, this argument garners Smith no relief.

In *Williams*, the sole evidence of defendant's criminal intent was his unexplained possession of a stolen car, which the Court held was "insufficient in itself to demonstrate guilty knowledge." *Williams*, 425 A.2d at 797. There was no additional evidence, circumstantial or otherwise, from which the fact-finder could have inferred guilt. *Contra Commonwealth v. Phillips*, 392

- 6 -

A.2d 708 (Pa. Super. 1978) (evidence sufficient to prove intent to receive stolen motorbike where owner neither knew appellant nor gave him permission; appellant in "recent" possession one week after theft; bike had been repainted and serial number marred; appellant's explanation of possession incredible; and appellant attempted to flee from arresting officer).

In the case at bar, however, the court considered the attendant circumstances and concluded that Smith's explanation was not credible. Specifically, Smith testified that he had been in the business of reselling tickets for 38 years. Nevertheless, he claimed to have purchased five tickets, for a total of $575.00, without first ascertaining their validity.

> [DISTRICT ATTORNEY PESTRAK]: You said that you bought these two tickets for a total of $575?
>
> [SMITH]: No, sir. I bought five tickets.
>
> Q: You bought five tickets that totaled --
>
> A: Five seats for $575.
>
> Q: And you had no way to know if they were going to work or not?
>
> A: No way at all.
>
> Q: And you do this on a regular basis?
>
> A: About 38 years now.
>
> MR. PESTRAK: I have nothing further.

N.T. Trial, 1/3/17, at 22-23.

The trial court expressed incredulity at Smith's testimony and, instead, inferred that Smith knew the tickets were fraudulent and passed them off as

genuine with the intent to receive and retain Ms. Bowens' $300.00. Even assuming Smith actually did offer to refund Ms. Bowens' money, such an offer could be interpreted by the fact finder as Smith believing the tickets to be fake, yet selling them anyhow. And, as this Court has previously noted, an intent to repay does not necessarily negate the crime of theft by deception. ***Commonwealth v. Grife***, 664 A.2d 116, 120 (Pa. Super. 1995) (defendant's purposeful intent to give lenders less than what they bargained for in order to procure their property evidenced guilty-mind requirement of theft by deception statute, regardless of defendant's intent to repay). Viewed in the light most favorable to the Commonwealth as verdict winner, ***Widmer***, ***supra***, we can discern no error of law or abuse of discretion in the trial court's conclusion that the evidence was sufficient to prove that Smith acted with the requisite criminal intent to support all three guilty verdicts.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/13/18